LENA BELLINGER *et al.*

*v.*

ELLA BARNES *et al.*

*Opinion filed October 23, 1906.*

1. APPEALS AND ERRORS—*when affidavits are not part of the record.* Affidavits not preserved by a bill of exceptions or certificate of evidence and not shown by any order or decree entered in the cause to have been read or considered by the court in passing upon the respective motions to dismiss, are not part of the record though copied in the transcript by the clerk.

2. SAME—*what does not show that affidavits were read and considered.* The mere entry of an order of court granting leave to file an affidavit, or in overruling a motion to strike affidavits from the files, does not show that such affidavits were read and considered by the court.

3. SAME—*stipulation becomes part of record proper upon filing.* An instrument signed by a complainant in a bill to contest a will directing the suit to be dismissed as to him and that the will be allowed to stand as probated, is, in effect, a stipulation, and becomes part of the record upon being filed in the cause.

4. SAME—*when motion is part of the record.* An order dismissing a bill for want of authority to bring suit, which recites that such order is based upon a motion which is identified in the order, makes such motion a part of the record, and if another motion was made, identical with the first, the two motions should be regarded as one.

5. SAME—*what finding in a decree will sustain it.* A finding in an order dismissing a bill for want of authority to bring suit, that "there was not authority at the time the suit was brought," is a finding of fact and is sufficient to sustain the action of the court in dismissing the bill, where the evidence upon the question is not preserved for review.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

D. D. DONAHUE, and ED. PEIRCE, for plaintiffs in error Lena Bellinger and David Timmerman.

ROWELL & LINDLEY, WELTY, STERLING & WHITMORE, and THOMAS W. TIPTON, for defendants in error Ella Barnes, Alden Barnes and Lucy B. Thomas.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

On March 1, 1902, a bill to contest the will of Elizabeth Timmerman, deceased, was filed in the circuit court of McLean county. Lena Bellinger, Morgan Timmerman, David Timmerman and Amy Snell appeared as complainants, and Ella Barnes, Alden Barnes, Frank R. Henderson, as executor of the estate of Elizabeth Timmerman, deceased, and certain other persons, were named as defendants. The bill was filed two days before the statutory period for bringing a suit to contest said will had expired. Certain of the defendants answered the bill and replications were filed to these answers. On April 26, 1903, the court entered a decree dismissing the bill as to David Timmerman, Morgan Timmerman and Amy Snell, and on July 9, 1903, entered a decree dismissing the bill as to Lena Bellinger. David Timmerman and Lena Bellinger sued out this writ of error to review those decrees, using the names of their co-complainants as co-plaintiffs in error. The cause was taken under advisement by this court at the October term, 1905, but at the April term, 1906, the order taking the cause under advisement was set aside because Morgan Timmerman and Amy Snell had neither appeared and assigned error in this court nor had they been brought into court by summons or otherwise. (*Bellinger* v. *Barnes,* 221 Ill. 240.) At the June term, 1906, a judgment of severance was obtained as to Morgan Timmerman and Amy Snell, it appearing that they had been duly served, and the cause was again taken under advisement.

David Timmerman and Lena Bellinger each assigns for error the entry of the decree of April 26, 1903, and the entry of the decree of July 9, 1903.

The proceedings which led to the dismissal of the bill as to each of the plaintiffs in error are as follows: On January 8, 1903, being one of the days of the November term, 1902, of the said circuit court, there was filed in said cause an instrument dated November 12, 1902, and signed by David Timmerman, which, after the title of the cause, reads as follows: "I hereby direct and order that the above entitled cause be dismissed in so far as it in any way concerns me as complainant, and that the will of Elizabeth Timmerman be allowed to stand as originally probated." This instrument was under seal, was witnessed by Barbara E. Timmerman and was acknowledged before a notary public of the State of New York. On the same day a motion was entered in the name of David Timmerman to dismiss the suit as to him, as per his order on file. This motion was taken under advisement by the court, and before any disposition was made of such motion certain affidavits made by Barbara E. Timmerman, David Timmerman, Lena Bellinger and Monroe Barnes were filed by leave of court. The purport of these affidavits was, that David Timmerman, being an old and uneducated man, had been induced to sign the instrument above referred to by means of threats and false statements made by Frank R. Henderson, one of the defendants to the suit and acting as attorney for the other defendants. On April 29, 1903, the court entered an order dismissing the bill as to David Timmerman under his order filed January 8, 1903. Frank R. Henderson then moved the court to dismiss the suit on the ground that it was commenced without authority from any of the complainants therein and was being prosecuted without authority from them. This motion was accompanied by an affidavit of Henderson. Later Henderson filed a second motion for dismissal which seems identical with the first. The solicitor who appeared for complainants filed his own affidavit and the affidavit of Monroe Barnes, setting up the facts connected with his employment as such solicitor. Thereafter,

on July 19, 1903, the court entered the following order: "On the motion to dismiss suit for want of authority, the court holds that there was not authority at the time the suit was brought. And now the motion to dismiss is allowed by the court and the bill dismissed as to Lena Bellinger."

No certificate of evidence appears in the transcript of the record. The affidavits above mentioned were copied into the record by the clerk of the circuit court. At the April term, 1905, of this court an order was entered, upon the motion of appellees, striking from the record the affidavits of Barbara E. Timmerman, David Timmerman, Lena Bellinger and Monroe Barnes and the affidavit of the solicitor. At the following June term appellants moved this court to set aside the order entered at the preceding April term, or to strike from the record the direction of David Timmerman for the dismissal of the cause as to him, his motion to dismiss the suit, the two motions of Frank R. Henderson to dismiss the bill for want of authority to commence the suit, the affidavit of Henderson filed therewith, and the affidavit of Henderson denying the matters set up in the affidavits of Barbara E. Timmerman, David Timmerman, Lena Bellinger and Monroe Barnes, above mentioned. This motion was taken with the case and is the first matter for consideration.

In our opinion neither of the affidavits is a part of the record proper, and the affidavits are therefore not before us for consideration. They are not preserved by a certificate of evidence, and it does not appear from any order or decree entered in the cause that they were either read or considered by the court in passing upon the respective motions to dismiss. Under such circumstances affidavits do not become a part of the record. *Lange* v. *Heyer,* 195 Ill. 420.

The mere fact that the court entered an order granting leave to David Timmerman to file an affidavit in regard to his order on file to dismiss the suit could not and does not show that the affidavits filed in pursuance of that order were

read and considered by the court in passing upon the motion to dismiss the suit as to David Timmerman, and the order of the court overruling a motion to strike affiavits of authority from the files does not show that the affidavits referred to were those of Monroe Barnes and the solicitor which are contained in the transcript of the record, or that those affidavits were read and considered by the court in passing upon the motion to dismiss the suit as to Lena Bellinger.

The instrument signed by David Timmerman and filed in the cause on January 8, 1903, was, in effect, a stipulation on his part that the suit should be dismissed as to him and that he would not further contest the will of Elizabeth Timmerman. As a stipulation it became a part of the record when filed in the cause. *Dilworth* v. *Curts,* 139 Ill. 508.

The motions to set aside the order entered herein at the April term, 1905, of this court, and to strike from the record the direction of David Timmerman for the dismissal of the cause as to him, and to strike from the record the motions of Henderson, will be denied, and the motion to strike from the record the affidavits of Frank R. Henderson will be allowed.

After striking out those portions of the transcript which have no proper place in the record there remains a direction by David Timmerman to dismiss the suit, and an order or decree of court dismissing the bill as to him in compliance with such direction. Nothing appears from the record to show that this order or decree was not properly entered under such direction, and hence the error, if any, in dismissing the bill as to David Timmerman does not appear upon the face of the record, and cannot, therefore, be considered. *Kalish* v. *City of Chicago,* 219 Ill. 133.

The order of the court dismissing the bill for want of authority to bring suit recites that such order is based upon a motion which is identified in the order and that we think makes that motion a part of the record, and as the two mo-

tions of Henderson to dismiss were identical they should be regarded as one. The evidence upon the question of the authority of the solicitor to file the bill not being before us, it must be presumed that the court heard evidence sufficient. to warrant its finding which was preserved in the decree, to the effect that "there was not authority at the time the suit was brought." Such finding is one of fact, and not one of law, as contended by appellants, and is sufficient to sustain the action of the court in dismissing the suit as to Lena Bellinger.

Inasmuch as it does not appear from the record that the circuit court erred in entering the decrees complained of, those decrees will be affirmed.

*Decrees affirmed.*