**Edward E. Gore, Appellant, v. National Association of Certified Public Accountants et al., Appellees.**

**Gen. No. 28,417.**

1. APPEAL AND ERROR—*when affidavits used on injunction sufficiently certified for review.* An affidavit used in support of a motion for preliminary injunction is sufficiently preserved for review on appeal from an order dissolving such injunction, where the record shows that the order granting the injunction specifically recites that the court had such affidavit before it; but a recital that the court "read the affidavits submitted by the parties" is insufficient to identify affidavits found in the files and certified

Gore v. Natl. Assn. of Certified Public Accountants, 231 Ill. App. 38.

by the clerk and not by the judge, and such affidavits will be stricken on motion.

2. INJUNCTIONS—*examination for certificate as public accountant by foreign corporation not enjoinable under act of 1903.* A corporation chartered by the District of Columbia and authorized by its charter to confer certificates upon qualified public accountants cannot be enjoined from holding an examination of candidates for the degree of certified public accountant in Illinois, under the provisions of the act of 1903, as amended in 1907, Cahill's Ill. St. ch. 110a, relating to the profession of public accounting and authorizing the University of Illinois, as the sole agency within the State, to hold examinations and issue certificates, and the holders of such certificates to use the letters "C. P. A.," at the suit of a holder of such certificate from such university, in the absence of any allegation impeaching the lawfulness of defendant's charter or its rights under the laws of such district, since, in view of the saving proviso of the act in favor of the lawful holders of a certificate issued in compliance with the laws of another State, no exclusive privilege or property right is conferred on accountants certified by the university.

3. INJUNCTIONS—*insufficiency of allegations as to lawfulness of acts of corporation chartered in District of Columbia.* An allegation in a bill for injunction that the corporation whose acts are sought to be enjoined is organized and exists for a specific purpose under the laws of the District of Columbia is not an allegation that such corporation is not authorized by the laws of another "State" to exercise the rights and privileges sought to be enjoined, within the meaning of a saving proviso in a statute in favor of persons empowered to do certain acts under certificate "issued in compliance with the laws of another State," and Cahill's Ill. St. ch. 131, ¶ 1, providing that in the construction of statutes, the word "State" when applied to different parts of the United States, shall include the District of Columbia, especially where the bill sets out the purported authority of defendant under its charter, without any allegation impeaching the validity of the charter or the lawfulness of acts done thereunder, except an allegation that complainant "is not informed as to whether such corporation or its purposes are lawful or legitimate."

4. INJUNCTIONS—*sufficiency of bill to enjoin foreign corporation from holding certified public accountant examination in Illinois.* The sufficiency of examinations proposed to be held by a foreign corporation in Illinois for the degree of certified public accountant, within the meaning of the act of 1903, as amended in 1907, relating to the practice of the profession of public accounting, and authorizing the University of Illinois to conduct such examinations, as tested by the examinations held by such university, is

not raised by a bill to enjoin the holding of such examinations which does not allege that the proposed examinations would not be a fair test of the candidate's qualifications, and the supporting affidavit shows that the proposed examination was partly in writing and partly oral, and sets out the written questions without any showing as to the oral examination.

5. FOREIGN JUDGMENTS—*when not controlling though corporate powers of same party involved as in local action.* In a proceeding to enjoin a corporation chartered in the District of Columbia to conduct examinations and issue the degree of certified public accountant, from holding such examination in Illinois, a decision of the Court of Appeals of such district, in a proceeding against such corporation, deciding that the particular section of the corporation act under which it was organized does not in terms authorize it to issue such degrees, is not controlling upon the Illinois courts where the issue made and decided in such decision was not presented in the local case.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1923. Affirmed. Opinion filed November 27, 1923. Rehearing denied December 8, 1923.

McKINNEY, LYNDE & GREAR, for appellant; CORNELIUS LYNDE, of counsel.

THOMAS H. MADDOCK, JACOB H. JAFFE and VINCENT J. GREEN, for appellees.

MR. JUSTICE FITCH delivered the opinion of the court.

This is an appeal from a decree of the circuit court dissolving an injunction and dismissing appellant's bill for want of equity.

The defendant association is a corporation organized under the laws of the District of Columbia providing for the incorporation of societies for benevolent, educational or scientific purposes, or societies for mutual improvement. It has no capital stock, is not incorporated for profit, and is supported wholly by membership fees and annual dues paid by its mem-

bers. Its purposes, as stated in its articles of incorporation, include the following: To bring together such certified public accountants as are engaged in the practice of professional accounting, and those who by their education, training and experience are qualified to become professional accountants; and, when its members shall have presented satisfactory evidence of knowledge in the theory and practice of accounting, and shall have satisfactorily passed the prescribed qualifying examination of the association, "to admit said members to the degree of certified public accountant, and to issue to such members the association's formal certificate to that degree appertaining." The defendant Carpenter is the vice president and treasurer of said association. The bill attacks the right of the defendant association to hold examinations in Illinois and to issue its certificates or degrees to residents of Illinois. It alleges that under the laws of Illinois, namely, the act of 1903, as amended in 1907, entitled: "An Act to regulate the profession of public accountants" [Cahill's Ill. St. ch. 110a], the University of Illinois, acting through the board of examiners provided for by that act, "is the sole authority lawfully permitted to issue degrees or certificates that the holders thereof are certified public accountants"; that the University of Illinois has issued 290 certificates entitling the holders thereof to practice the profession of public accountants in this State, and that "only the holders of such certificates lawfully outstanding are permitted to practice such profession within the State of Illinois"; that complainant is a resident of Illinois, and (though this is not alleged in express terms, it may be assumed or inferred from the language of the bill) he is the holder of one of such certificates; that he is a member of the board of examiners appointed by the University of Illinois; that he has built up a large practice as a certified public accountant and that a large part of the value of his practice "is due to the fact that

he has complied with the statutes of Illinois''; that the State of Illinois, in and by the act aforesaid, ''has conclusively recognized the necessity of permitting only properly certified accountants to practice the profession of public accountants in this State''; that the right to so practice is a valuable property right; that the defendant association is engaged in sending circulars to certified public accountants and others in Illinois, urging them to take its examinations, and that it purposes to issue to such persons as may pass its examinations its ''so-called degrees''; that the defendant Carpenter is about to hold such an examination in Chicago, and, unless restrained by injunction, will do so, and the defendant assocation will issue its certificates to those who pass such examinations, and, unless likewise restrained, will continue to do this, ''to the entire destruction of the valuable right and privilege acquired by complainant from the State of Illinois,'' and to the damage of the complainant to an extent which (he alleges) it is impossible for him to determine. The bill prays that defendants may be enjoined from sending circulars soliciting memberships in said defendant association to any person who is a resident of Illinois, and from holding examinations at any place in Illinois for qualification of any person for membership therein, and from issuing to any resident of Illinois any degree ''purporting to declare the holder a certified public accountant.'' The bill also prays for a preliminary injunction restraining defendants from conducting any examination for membership in the defendant association until the further order of the court.

Upon this bill, and an affidavit of one Joseph Reis attached thereto, stating that the affiant had found Carpenter in Chicago conducting an examination of applicants for membership in the defendant association, a preliminary injunction was issued restraining defendants from holding such examination in Illinois until the further order of the court.

The defendants filed a sworn answer, which admits most of the allegations in the bill, but denies that the Illinois statute restricts the practice of accountancy in this State to those who have received their degrees under that act, denies that only the holders of such degrees or certificates are permitted to practice in Illinois, and denies that the granting of a certificate under the provisions of the Illinois statute confers upon the holder thereof any property right. The answer further avers that this suit is not brought in good faith to protect any legal or property right, but to harass and annoy the defendant association; that complainant is a member of a like assocation, viz., the American Institute of Accountants, which is organized under the same law of the District of Columbia as the defendant association, and which has similar aims and declared purposes, other than the issuance of the degree of certified public accountant to its members; that such American Institute has endeavored to compel all persons practicing public accountancy to become affiliated with it, and that the Illinois board of examiners of accountants has permitted such institute to control its examinations.

After a replication was filed to said answer, the defendants moved to dissolve the preliminary injunction, and upon a hearing based upon the verified bill and answer and upon affidavits submitted by both sides, the court dissolved the injunction and gave leave to defendants to file a suggestion of damages. After the matter of damages was disposed of (which is the subject of a separate appeal, see opinion in No. 28416, this day filed), an order was entered amending the order dissolving the injunction so as to show that the injunction was dissolved "for want of equity on the face of the bill." The complainant then elected to stand by his bill, stating "that the bill is incapable of amendment so as to show further right," whereupon the bill was dismissed for want of equity, and this appeal followed.

There is no certificate of evidence in the record as filed in this court, but a number of affidavits appear in the transcript of the record as certified by the clerk of the circuit court. A motion was heretofore made, based upon this fact, to strike all such affidavits from the record, and this motion was reserved to the hearing. Upon the authority of *Lange v. Heyer*, 195 Ill. 420; *DuQuoin Water-Works Co. v. Parks*, 207 Ill. 46, and *Bellinger v. Barnes*, 223 Ill. 121, all of such affidavits, except that of Joseph Reis, above mentioned, are not properly in the record. As to the affidavit of Reis, the record shows that the order granting the preliminary injunction, which was signed by the chancellor, expressly states that the court had before it when that order was entered "the affidavit of Joseph C. Reis in the above-entitled cause." This recital, we think, under the last of the foregoing authorities (223 Ill. 125), made such affidavit a part of the record. It is claimed that the other affidavits are identified in the same way in the order that was entered dissolving the preliminary injunction, which recites that the court "read the affidavits submitted by the parties"; but there is nothing in that order, or elsewhere in the record, to show that the affidavits thus referred to are the affidavits found in the files by the clerk of the court. The rule is well established that the facts that were heard and considered by the court must be shown by a certificate of the judge, and not of the clerk. The motion to strike will therefore be granted as to all affidavits included in the transcript, except the affidavit of Reis, and, as to that affidavit, the motion will be denied.

This leaves for our consideration only the bill, the answer, the replication, and the affidavit of Reis, attached to or filed with the bill at the time the preliminary injunction was granted. Upon this record, appellant's counsel contends that by the passage of the act of 1903, as amended in 1907, referred to in the bill of complaint, the importance of having properly qual-

ified public accountants "available for service in the business of Illinois" is recognized; that with this end in view the statute has created, "for the exclusive use" of those who have demonstrated their qualifications as expert public accountants and have obtained their certificates in the manner therein prescribed, "a trade designation equivalent to a trade mark," which at once, upon the issuance thereof, becomes a property right of great value to the owner thereof, and that a court of equity will protect such right "from such pirating competition as that offered by the defendants." This contention involves a consideration of the statute in question and the application of such statute to the facts alleged in the bill of complaint.

By section 1 of the Act in question [Cahill's Ill. St. ch. 110a, ¶ 1], it is provided that any citizen who resides in this State, or has a place in this State "for the regular transaction of business as a professional accountant," who is over twenty-one years old, of good character, having an education equivalent to that given in a four-year-course high school, and who has received from the University of Illinois a certificate of his qualifications to practice as a public expert accountant, "shall be known and styled as a 'certified public accountant'"; and that "no other person shall assume such title or use the abbreviation 'C. P. A.'" Sections 2, 3 and 4 of the Act [Cahill's Ill. St. ch. 110a, ¶¶ 2-4] provide for the examination of applicants for such certificate by a board of examiners appointed by the University, and section 5 [Cahill's Ill. St. ch. 110a, ¶ 5] authorizes the university to revoke any such certificate "for unprofessional conduct or other sufficient cause." Section 6 [Cahill's Ill. St. ch. 110a, ¶ 6] imposes a penalty upon any person who shall assume to practice as a certified public accountant, or use the abbreviation C. P. A. without having received such a certificate as the act provides for.

This section concludes as follows: *"Provided,* that nothing herein contained shall operate to prevent a certified public accountant who is the lawful holder of a certificate issued in compliance with the laws of another State, from practicing as such within this State, and styling himself a certified public accountant."

That this statute recognizes the necessity and importance of requiring those who hold themselves out to the public as expert accountants to be duly qualified to act as such, and to have a certificate showing their qualifications to act as such, cannot be seriously questioned; but that the statute evinces any legislative purpose to confer upon the holders of certificates obtained from the University of Illinois, as therein provided, any such *exclusive* right or privilege as entitles them to prevent other persons who hold like certificates, issued under the laws of other States, from practicing as certified public accountants in this State cannot, we think, be successfully maintained. The proviso above quoted shows that the authorized use in Illinois of the so-called "trade designation of certified public accountant" is not confined to those who obtain their certificates in the manner provided by the law of this State, but that any other person, whether a resident or a nonresident of Illinois, who holds a certified public accountant's certificate, "issued in compliance with the laws of another State," may practice as such in this State, and may lawfully use the same designation or title as those who have obtained their certificates in the manner provided by the law of this State. Under this proviso, if the defendant was authorized by the laws of another State to issue certificates conferring upon the holders thereof the title or degree of certified public accountant, then such holders had the right to practice as such in this State; and in such case the right of the defendant association to hold examinations in this

State of applicants for its certificates or degrees would necessarily follow, unless such examinations in Illinois are forbidden by the laws of such other State, or by the law of this State. There is nothing in the law of this State that forbids holding such examinations in this State, or that forbids any person residing or being in this State from taking such an examination, if he chooses so to do. There is no allegation in the bill that the defendant association is not authorized by the laws of another State to hold such examinations and issue such certificates, unless the allegation that such defendant is organized and exists for that purpose under the laws of the District of Columbia can be so considered. Appellant's counsel does make that claim, to wit, that the District of Columbia is not a ''State'' within the meaning of the proviso above mentioned; but such claim, we think, is clearly unfounded in view of the evident purpose of such proviso, and especially in view of the fact that for many years prior to the passage of the act in question there was in force in Illinois a statute which provides that in the construction of statutes the word ''State,'' when applied to different parts of the United States, may be construed to include the District of Columbia. (Cahill's Ill. St. ch. 131, ¶ 1.) It is presumed that in using the words ''laws of another State'' in the proviso mentioned, the legislature had in mind this general provision as to the construction of statutes. (*People v. Hinrichsen,* 161 Ill. 223.) The bill in this case sets forth the purported authority of the defendant association, by the terms of its charter, to hold such examinations and issue such certificates. There is no allegation that such charter is void, or is unauthorized by the laws of the District of Columbia, or that the certificates of the defendant association, if issued under the purported authority of its charter, would not be issued in compliance with the laws of the District of Columbia. The bill states, after setting forth the purported authority of the de-

fendant to hold such examinations and issue such certificates, that the complainant ''is not informed as to whether such corporation or its purposes are lawful or legitimate''; but this is far from being an allegation that the defendant association had no lawful right by the laws of the District of Columbia to hold such examinations or issue such certificates.

In the reply brief of appellant's counsel it is contended that the proviso above mentioned must be construed to mean that the ''laws of another State,'' therein mentioned, must be laws of the same character as our law, containing like provisions for the examination of candidates for the degree of certified public accountant. There is nothing in the language of the proviso to that effect, nor anything in such language that would justify any court in this State in entering upon an inquiry as to whether the examinations of the defendant association were as well designed to test the qualifications of applicants for its certificates as the examinations given by the board of examiners of the University of Illinois. If, however, it be conceded that the proviso is capable of or should receive any such interpretation as is thus claimed by appellant's counsel, we fail to see how such interpretation could help the appellant under the allegations of his bill of complaint. There is no allegation in the bill which charges that the defendant had held, or was about to hold, in Chicago, any examination that would not be a fair test of the qualification of candidates for its certificate. The affidavit of Reis above mentioned makes an apparent attempt to allege facts of that character, but that affidavit only shows that the defendant Carpenter, when interviewed by the affiant, was conducting an examination that was partly written and partly oral, that a printed list of questions on various subjects relating to accountancy was given to the affiant by Carpenter, with the statement that applicants would be required to answer such questions

in writing, and would also have to submit to a further oral examination on the same subjects. There is nothing in such statements tending to show that such examination would not be a fair test of a candidate's qualifications. Attached to said affidavit of Reis is a copy of the printed list of questions given him by the defendant Carpenter, and appellant's counsel asks this court to deduce from an inspection thereof that such examination was perfunctory merely, and not a fair test of a candidate's qualifications. To do so would be to constitute this court a board of examiners, instead of the board of examiners provided for by the charter of the defendant association; and this, too, without any knowledge of the questions that were to be propounded orally to such candidates.

It follows from what we have said above that we are of the opinion that the bill does not state any facts that would entitle appellant to an injunction against the defendants. This being true, it is unnecessary to decide whether appellant, by obtaining his certificate in compliance with the laws of Illinois, has thereby acquired any such property right as would entitle him to equitable relief against one who might fraudulently or unlawfully assume to exercise a similar right in this State. That question is not presented by the allegations of complainant's bill. Upon the questions presented, there was no error in dismissing the bill for want of equity.

Appellant's reply brief in this case was filed after the oral arguments were heard. Appellant's counsel has inserted therein a copy of a decision of the Court of Appeals of the District of Columbia rendered in June, 1923, in a proceeding brought against the defendant association, which holds that the particular section of the corporation act under which said association is organized does not in terms authorize such association to issue to its members the degree of cer-

tified public accountant. It would seem, however, from that opinion, that there is another section of the same law of the District of Columbia which specifically authorizes corporations organized under such other section to issue such degrees. It would also appear from such opinion that the object sought to be obtained by the complainant in filing his bill in this case has been accomplished in another form in the courts of the District of Columbia. But whether this be true or not cannot affect the decision of this case upon the record that is now before us. The claim made and decided in that case was not made or presented in this case.

For the reasons stated, the decree of the circuit court will be affirmed.

*Affirmed.*

GRIDLEY, P. J., and BARNES, J., concur.