(No. 26654.— )
THE PEOPLE *ex rel.* Floyd Darr, County Collector, Appellee, *vs.* THE ALTON RAILROAD COMPANY, Appellant.

*Opinion filed September 21, 1942.*

CHAPMAN & THOMAS, and WINSTON, STRAWN & SHAW, (PAUL H. MOORE, and CHARLES J. CALDERINI, of counsel,) for appellant.

JAMES T. DOLAN, State's Attorney, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

The county collector of Jersey county, appellee, applied to the county court for judgment and order of sale of lands for the delinquent taxes for the year 1940. As to the taxes which had been previously paid under protest there was included in the application a request for a judgment fixing the correct amount and for an order directing a refund, if any was found to be unlawfully levied.

Appellant, The Alton Railroad Company, filed objection to the following taxes levied against its property: the county highway tax $8.85, the town tax of the town of Jersey $133.37, the town tax of the town of Mississippi $36.97, the village tax of the village of Brighton $36.55 and the city tax of the city of Jerseyville $11.62. Some of the specific objections to the several items were excessive levies, improper itemization, indefiniteness as to purpose and the inclusion of more than one purpose for a single sum. Appellant alleged payment of all its taxes for the year 1940 but set up that the items objected to had been paid under protest. Accompanying the objections were receipts signed by the county collector showing payment of both installments under protest and also copy of the notice of protest which appellant had delivered to the county collector at the time the installments were paid, and for which the collector had acknowledged receipt.

Appellee moved to strike appellant's objections on the grounds that the notice of protest was not a sufficient com-

pliance with the statute and that no official original or dupli-
cate tax collector's receipt had accompanied the objections.
No question is raised on this appeal as to the sufficiency of
the allegations and showing in reference to the tax receipt.
The objection to the notice of protest is that it did not set
"forth the volume number and item number, as the same
appear on the General Tax Bill, or a description of its
property, or set forth the grounds of objection to said taxes,
as required by statute." The order entered sustaining the
motion to strike contained a finding that the notices of pro-
test under which the two installments had been paid were
not in compliance with the statute and that therefore the
objections should be stricken. The order recited that by
reason of appellant's failure to file a proper notice of pro-
test it could not.file objections to the tax and judgment was
entered against appellant. This appeal is from that order.

Section 194 of the Revenue act of 1939 (Ill. Rev. Stat.
1941, chap. 120, par. 675) provides that if any person shall
desire to make objection to taxes pursuant to section 235
(par. 716) for any reason other than that the real estate is
not subject to taxation, he shall first pay at least seventy-five
per cent of the tax and that "such payment shall be accom-
panied by a writing, substantially in the following form:

"Payment under protest.

Vol. No......... Item No......... (as the same ap-
pear on the General Tax Bill). Original amount of tax
$........ Amount of payment $....... This payment
shall be applied to the taxes of all taxing bodies ratably,
subject to refund of........per cent of the tax, which is
objected to on the ground (here set forth ground of ob-
jection) and is, accordingly, made under protest.

Name of taxpayer........................
Address ................................"

The two notices of protest delivered by appellant to the
county collector were identical except for installment nota-

tions and necessary variations in date of presentment. They recite that "pursuant to Section 194 of the Revenue Act of 1939, payment of Two Thousand Seven Hundred Forty-five Dollars and Seventeen Cents ($2,745.17) is hereby made under protest, being payment of the Second Installment of the 1940 general taxes extended against the Railroad properties of The Alton Railroad Company described in your Railroad Tax Book.

"This payment shall be applied to the taxes of all taxing bodies ratably, subject to the following refunds: 1. A refund of 4.9687% of the entire tax extended, which is objected to on the ground the rates of extension of the following taxing bodies are excessive, illegal and void in the amounts following."

Then follows designation of the tax and the amount objected to as above set forth. The first installment was paid May 31, 1941, and the second August 22. The appellee's application for judgment for delinquent taxes was filed subsequent to the payment of the last installment.

The provisions of section 194 involved in this appeal are closely related to parts of the provisions of section 235 of the same act. (Par. 716.) The latter section directs that no person shall be permitted to offer a defense to any taxes levied unless the written objection to the tax is accompanied by an official original or duplicate tax-collector's receipt showing that at least seventy-five per cent of all taxes to which objection is made have been paid under protest pursuant to the provisions of section 194. The tax receipt issued by appellee when each of the installments was paid set forth the amount of the payment and recited that it was "for payment under protest of the ...... Installment of all 1940 taxes as charged against The Alton Railroad in Jersey Co., Illinois."

It is not claimed the deficiency in the contents of the notice of protest prevented appellee from performing the duties required of him by section 194, and indeed, from

the contents of the receipt he issued showing the payment, it is obvious the notice of protest furnished him all the information necessary to the issuance of a proper receipt. Insofar as the notice of protest is required to furnish data to the county collector upon which he may issue a receipt and perform certain other statutory duties, it must be held under the facts shown that the notice of protest was sufficient in that respect.

Appellee says the notice was deficient in that it did not show the volume number and item number as the same appear on the general tax bill, and did not give a description of appellant's property or the grounds of objection to said taxes. Appellee further contends that section 194 is a tax-refunding statute and is therefore to be construed strictly against the taxpayer.

The provisions of section 235 indicate that the legislature intended that no one should be permitted to object to a tax unless he had previously paid under protest at least seventy-five per cent of the tax to which objection was made and that proof of such facts had to accompany the filing of the objection. This provision is mandatory and is a condition that a tax objector must meet before making objections, but there is nothing in that section which requires the notice of protest shall be in the exact form as that prescribed in section 194. The words "in substantially the following form" as used in section 194 must be given a meaning as evidencing an intent to permit a taxpayer to protest by giving notice in a form slightly variant from that prescribed. It means that the notice should, in the main, contain all the essential requirements of the form prescribed but that something less than exact compliance in every detail will be sufficient.

The requirement that it shall give the volume number and item number as shown by the general tax bill was evidently for the purpose of furnishing the county collector the data by which he could make ready reference to his records to verify and identify the tax to which objection

was made. The purpose for requiring a description of the property taxed was also for identification purposes. The notice given by appellant referred to the general taxes extended against its railroad properties as described in the collector's railroad tax book. While not in the exact language of the statute, it was a sufficient reference from which the county collector could readily ascertain the property on which the tax was paid and the tax to which the protest applied.

Appellee contends that the form prescribed by the statute required a statement of the grounds of objection with the same particularity that is required in pleading, and contends that the words used in the notice, "excessive, illegal and void," are mere conclusions and do not state facts. In this connection he cites cases such as *Michigan Central Railroad Co.* v. *Carr,* 303 Ill. 354, and *Blake* v. *Ogden,* 223 id. 204, which involved the construction of pleadings and do not have any application to this case.

The statute does not require that the objections to a tax shall be set forth in the notice of protest with the same particularity as an objection would be pleaded in a court action. In this connection the provisions of sections 194 and 235 must be considered together. It will be noted that section 235 provides that the defense to a tax shall be in writing, specifying the particular cause of objection. This requirement exacts a greater degree of definiteness and particularity than the provision in the form in section 194, which directs the taxpayer shall set forth his ground of objection. In the latter it is sufficient if the cause of objection is stated in general terms. Appellant's notice of protest was sufficient to meet the requirements of section 194.

For the reasons assigned, the judgment of the county court is reversed and the cause is remanded with directions to overrule appellee's motion to strike and to proceed with a hearing on appellant's objections.

*Reversed and remanded, with directions.*