(No. 38845.—

THE PEOPLE *ex rel.* Dave Wisdom, County Collector, Appellee, vs. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed March 18, 1965.—Rehearing denied May 19, 1965.*

R. T. CUBBAGE and T. G. SCHUSTER, both of Chicago, VANDEVER & VANDEVER, of Hillsboro, (ELDON MARTIN and C. W. KROHL, of counsel,) for appellant.

OTTO E. FUNK, State's Attorney, of Hillsboro, for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Appellant, Chicago, Burlington & Quincy Railroad Company, paid before due date, in two equal installments, the taxes extended against its property in Montgomery County for 1958. Its first payment of one-half the total tax bill was receipted by the relator-treasurer and *ex-officio* collector on June 1, 1959, and it is undisputed that this payment was accompanied by a notice protesting certain extended rates as well as 45 percent of the total tax bill on the ground of excessive and illegal assessment. The second half of the total tax bill was received by relator on August 24, 1959, and relator issued his official receipt for both installments showing $16,133.70 of a total bill of $33,939.10 paid under protest.

The railroad filed its written objections and application for refund which was subsequently twice amended. Prior to a hearing on the merits relator moved to dismiss the objections, alleging that the protest notice did not substantially comply with the requirements of section 194 of the Revenue Act (Ill. Rev. Stat. 1957, chap. 120, par. 675,), and that it does not appear that the payment of the second installment was accompanied by a written notice of protest. The trial court sustained the motion to dismiss and overruled objector's motion to vacate this order. Objector appeals directly here on the ground that the revenue is involved.

The order which the railroad sought to vacate found only that "Objector did not pay its taxes extended for the year 1958 under protest as required by law and that therefore its Objections to the Taxes extended for the year 1958 cannot be properly heard herein."

The applicable provisions of the Revenue Act of 1939 are sections 194 and 235. (Ill. Rev. Stat. 1957, pars. 675, 716). The former, so far as pertinent, provides for payment under protest of taxes on real estate and that such payment shall be accompanied by a writing (referred to

in the parties' briefs as the notice of protest) substantially in the form set forth in the statute. Section 235 provides the procedure upon subsequent hearing of the tax objections. It specifically states:

"The court shall examine said list, and if defense (specifying, in writing, the particular cause of objection) be offered by any person interested in any of said lands or lots, to the entry of judgment against the same, the court shall hear and determine the matter in a summary manner, without pleadings, and shall pronounce judgment as the right of the case may be: Provided, that no person shall be permitted to offer any such defense unless such writing specifying the particular cause of objection shall be accompanied by an official original or duplicate tax collector's receipt, showing that all taxes to which objection is made have been paid under protest pursuant to the provisions of section 194 of this Act; and it shall be the duty of all tax collectors to furnish such duplicate receipt without charge."

We have heretofore stated in *People ex rel. Darr* v. *Alton Railroad Co.* 380 Ill. 380, 385: "The statute [sec. 194] does not require that the objections to a tax shall be set forth in the notice of protest with the same particularity as an objection would be pleaded in a court action." As later pointed out in *People ex rel. Anderson* v. *Chicago & Eastern Illinois Railroad Co.* 399 Ill. 520, 525: "The requirements for payment and protest are contained in section 194, so that the collector may perform certain duties and omit the property on which taxes are paid under protest from the delinquent list, before making application for judgment; and such payment and protest, to enable the collector to do this, we held in such case [380 Ill. 380] was mandatory."

The written protest is captioned: "Payment under Protest—Taxes as Appear on Railroad Tax Book for the Year 1958, Montgomery County, Illinois". It includes both specific rate objections and a separate objection based on ex-

cessive and illegal assessed valuation. The former specify the taxing districts to the levies of which rate objections are made, the nature of the levies, the original amount of the tax due and the amount of such tax objected to. The objection as to assessed valuation states that "the taxpayer hereby protests $15,295.10, which represents 45% of each of the original levies, or amounts of taxes, payable by it to each and every taxing district in the county, * * *".

The collector contends the notice does not substantially comply with the form prescribed by section 194 because: (a) it does not state the original amount of tax; (b) it does not contain the amount of payment; (c) it does not inform the collector as to the amount of the payment to which objection is made; (d) it is not confined to the amount of taxes actually paid. Contentions (b) and (c) were not stated in the motion to dismiss which the trial court allowed. We have, however, considered their merits in determining the propriety of the dismissal order. *In re Estate of Leichtenberg,* 7 Ill.2d 545.

As to (a) it is necessary to say only that a simple mathematical calculation, based upon the statement in the protest that $15,295.10 represents 45% of the total tax, will readily indicate the dollar amount of total tax. A failure to include the result of such computation in the protest cannot fairly be said to require dismissal of the objections. Contention (b) does not appear substantial since the collector receipted for the amount of the payment ($\frac{1}{2}$ of the amount determined in (a)) when he issued his official receipt showing payment. Contention (c) relates to the lack of information as to the amount of payment as to which objection is made; again, the written protest gives all information required to determine this in readily ascertainable fashion; the total dollar amounts of the rate objections, and the dollar and percentage amounts of the assessment objections, are set forth with specific directions as to computing the total amount protested, and we note the collector

calculated and withheld the correct amounts from distribution to the taxing bodies. The essence of the collector's argument in contention (d) is that a protest can be made only as to the portion of the tax paid at the time of protest —that, since objector paid only ½ of the tax on June 1, only ½ of the total amount objected to could then be protested—and since the notice was as to the total amount protested, it was insufficient to constitute substantial compliance with section 194. The record shows that the tax paid under protest was 45% of the total bill of $33,989.12 or $15,295.10, plus the rate objections of $1,524.70 (45% of which overlap the assessment objection). Whether the assessment objections are reduced by the overlap or not, the payment of the first installment of $16,994.56, admittedly accompanied by the protest, was more than the total objected to by the railroad. If the collector chose to apportion the amount protested between the June 1 and September 1 installments, he had only to divide that amount into halves and record them on his books accordingly. And we note the record indicates this to be what he did.

The final question requiring consideration is contained in relator's motion to dismiss which alleged no written protest accompanied payment of the second installment of taxes as allegedly required by section 194. As originally filed, the objections included neither a copy of the notice of protest nor a duplicate receipt. Subsequent amendment supplied both, the protest notice being a copy of that filed June 1. The record is silent as to whether a separate notice of protest accompanied payment of the second installment or not, and the collector maintains that, not only must such notice accompany the payment, but it must be before the trial court before the tax objections may be heard. As to the first of these arguments, we note that the official receipt of the collector shows both installments paid under protest, and the amounts thereof. The same information appears in the collector's records introduced as exhibits below.

In *Jackson Park Hospital Co.* v. *Courtney,* 364 Ill. 497, we held that the facts recited in the official tax records are conclusive insofar as they affect the rights of subsequent purchasers of property. In *Forman Realty Corp.* v. *Brenza,* 11 Ill.2d 531, we held that, where the party claiming under the records was substantially the same party against whom taxes were extended, it was error to treat the official tax records showing payment of the disputed taxes as conclusive against the county collector but that the burden of proof was on the collector to show by competent documentary evidence contrary facts in order to defeat the *prima facie* presumption of the correctness of the official tax records. Hence, under the circumstances here present, objector made a *prima facie* showing of payment under protest by introducing the county collector's official receipt and his tax records. Therefore, in the absence of evidence to the contrary we believe there has been a sufficient showing as to payment under protest.

While the dismissal order does not indicate the specific basis for this action, it is not unlikely that it was motivated by the trial judge's belief that language in this court's opinion in *People ex rel. Anderson* v. *Chicago & Eastern Illinois Railroad Co.* 399 Ill. 520, required a copy of the notice of protest, as well as a duplicate official receipt, to accompany the tax objections when filed, and that its absence required dismissal of the objections. In *Anderson,* a motion to dismiss tax objections was based upon the objector's omission to attach thereto the collector's receipt, together with its protest; the objector attempted to amend, attaching to the proposed amendment *the tax receipt.* Leave to amend was denied. This court stated the question for decision at page 524: "Shall a taxpayer, who has actually complied with section 194 of the statute, by the payment of his taxes under protest and securing proper receipts therefor, be entirely precluded from amending his objections to show such facts because *a copy of his receipt* did not ac-

company his original objections filed under section 235, and thus be denied the right to make any defense whatever?" (Emphasis added.) This court then reversed, but in its intervening discussion stated at page 526: "Under section 194 the protest and receipt bears the same relation to the objections that an exhibit bears to a complaint. The statute provides that it is necessary to make *payment and protest* so the collector may know what property to keep off of the delinquent list, and the requirement that *they* must accompany the objections under section 235 applies only as a preliminary to make a defense." (Emphasis added.) And earlier on page 526: "But, under section 235, the objection filed must be accompanied by *the protest and receipt,* and the court proceeds to trial in a summary manner." (Emphasis added.) That this reference to attachment of the protest was inadvertently made is apparent from the fact that the court there quoted section 235, which neither then nor now contains any reference to inclusion of the protest notice. This conclusion is strengthened by the statement in *People ex rel. Voorhees* v. *Chicago, Burlington & Quincy Railroad Co.* 386 Ill. 200, 204, where, in a dissimilar factual situation, the court stated: "* * * section 235 was sufficiently complied with as to the payment under protest by attaching a copy of the *collector's receipt* showing such payment under protest." (Emphasis added.) In *People ex rel. Brenza* v. *Anderson,* 411 Ill. 252, 257, the court elaborated further: "Section 235 provides for the procedure to be followed in objecting to and trying the merits of the tax objections, which procedure is to be informal and without technical pleading; but it contains the proviso that no one can defend against the payment of taxes unless he has complied with section 194 and shows that he has complied with it by attaching the required *tax collector's receipt* to his objections." (Emphasis added.)

Neither section 194 nor 235 contain a requirement that a copy of the notice of protest filed with the collector ac-

company the subsequent objections filed in the circuit court. Nor does a proper interpretation of our prior decisions so demand. The statutory command of section 235 is that "the particular cause of objection shall be accompanied by an official original or duplicate tax collector's receipt, showing that all taxes to which objection is made have been paid under protest  *  *  *." That command was here obeyed.

The order of the circuit court of Montgomery County dismissing the amended objections is accordingly reversed, and the cause is remanded with directions to consider such objections upon their merits.

*Reversed and remanded, with directions.*