*In re* APPLICATION OF COUNTY COLLECTOR OF COOK COUNTY, FOR JUDG-MENT AND ORDER OF SALE AGAINST CERTAIN REAL ESTATE—(DANIEL GOLDMAN, LAWRENCE FISCHER, and M. I. G. CORPORATION, Defendants-Appellants).

(Nos. 58709, 58710 cons.;

First District (1st Division)—November 4, 1974.

*Rehearing denied November 26, 1974.*

Melvin L. Klafter, of Nathan & Klafter, and Anna R. Lavin, both of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner and Henry A. Hauser, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE BURKE delivered the opinion of the court:

Applications were made by the county collector of Cook County (hereinafter "County") for judgments fixing the correct amount of real estate tax for the year 1970 which had been paid under protest by the defendants, Daniel Goldman and Lawrence Fischer, in one case and the

M. I. G. Corporation in another case. These two cases were consolidated for purposes of appeal. The defendants (hereinafter "objectors"), Goldman and Fischer, filed Objection Number 4, and M. I. G. Corporation filed Objection Number 5. In both cases the court, sitting without a jury, found that the County's assessment of the value of the properties was so excessive that it constituted constructive fraud. However, the court also found in both cases that the objectors had only protested 6 percent of the tax at the time of payment and were therefore limited to a recovery of only 6 percent of the total, regardless of the amount of actual overassessment. The objectors appeal the portion of the final judgment which limits their recovery to 6 percent of all taxes paid.

■■ When a county makes an application to the circuit court to fix the correct amount of real estate taxes paid, the interested taxpayers in question may raise defenses or objections to the county's determination. However, section 235 of the Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, par. 716) specifies that these objections may only be raised as to amounts which were paid under protest pursuant to the provisions of section 194 of the Revenue Act of 1939. (Ill. Rev. Stat. 1969, ch. 120, par. 675.) Proof of compliance with section 194, concerning payment of taxes under protest, is a mandatory prerequisite to entering an objection to the amount of real estate taxes in a section 235 proceeding. *People ex rel. Darr v. Alton R.R. Co.*, 380 Ill. 380, 43 N.E.2d 964; *People ex rel. Anderson v. Chicago & E. I. R.R. Co.*, 399 Ill. 520, 78 N.E.2d 265; *People ex rel. Baird & Warner, Inc. v. Lindheimer*, 370 Ill. 424, 19 N.E.2d 336.

Section 194 provides that if a person desires to object pursuant to section 235 to all or any part of his real property taxes he must pay the taxes due and accompany the payment "by a writing substantially in the following form:

Payment under protest.

Vol. No. ........ Item No. ........

(as the same appear on the General Tax Bill).

Original amount of tax $....... Amount of payment $.........
This payment shall be applied to the taxes of all taxing bodies ratably, subject to refund of ....% of the tax, which is objected to on the ground (here set forth ground of objection) and is, accordingly, made under protest." Ill. Rev. Stat. 1969, ch. 120, par. 675.

Both objectors contend that in the notices of protest they submitted they had protested the entire amount of the assessed value and not merely 6 percent as the lower court found. The objectors argue, therefore, they should have been entitled to a refund of the entire amount of overassessment and should not be limited to only six percent of the

total. The sole issue in this case is whether the protest forms submitted by the objectors did effectively protest the entire amount of assessed value in accordance with section 194. The relevant wording of the protest forms of both of the objectors is identical and therefore we set forth only one of the forms below:

"PAYMENT OF 1970 REAL ESTATE
TAXES UNDER PROTEST

Pursuant to Section 194 of the Revenue Act of 1939, as amended, payment is herewith made under protest of the amount indicated below on the 1970 general taxes extended against the real estate described in the schedule of Volume and property numbers of property cards for the year 1970 appearing below or attached hereto and made a part hereof.

This payment shall be applied to the taxes of all taxing bodies ratably subject to a refund of 6% of the entire tax which is objected to on the ground of the illegality of the multiplier in determining the equalized valuation and that the taxes of the various taxing bodies making up the 1970 assessment are excessive, illegal, fraudulent and void (expressed in terms of dollars on each $100.00 of full valuation) as follows:

| | |
|---|---|
| County of Cook | $0.04 |
| Forest Preserve District of Cook County | 0.02 |
| Sanitary District of Chicago | 0.03 |
| City of Chicago | 0.04 |
| Board of Education of the City of Chicago | 0.04 |
| Chicago Park District | 0.02 |

This payment is accordingly made under protest and subject to a refund as to illegal, excessive and fraudulent rates and assessed value."

The second paragraph of the objectors' protest form is set forth in a manner substantially similar to the format provided in section 194 heretofore quoted. The only amount protested in this paragraph is 6 percent of the entire tax objected to on the ground that the multiplier used by the County was illegal. The court below held that this was the only amount protested. The third paragraph, however, said "This payment is accordingly made under protest and subject to a refund as to illegal, excessive and fraudulent rates *and assessed value*." (Emphasis added.) This paragraph, the objectors contend, was intended to protest the entire assessed value.

Section 194 does not require that the notice of protest be in the exact form which the statute delineates. The statute uses the words "in substantially the following form." This allows the objector to vary this form

as long as his notice of protest contains all the essential requirements of the section 194 form. (*People ex rel. Darr v. Alton R.R. Co.*, 380 Ill. 380, 43 N.E.2d 964.) The court in the *Darr* case held that not stating the volume number and item number shown on the general tax bill and merely using the words "excessive, illegal and void" as the taxpayer's grounds of objection were not fatal to the taxpayer's protest. The court held that the grounds for an objection could be stated in general terms and the notice of protest was in substantial compliance with the statute. A notice of protest which enables the collector to ascertain the amount and origin of the protested tax and the grounds for that protest complies with section 194. See *People ex rel. Wisdom v. Chicago, B. & Q. R.R. Co.*, 32 Ill.2d 434, 206 N.E.2d 702.

In the present case, the objectors stated the volume numbers, item numbers and amounts paid on each item protested in a list below the paragraphs we have quoted. The third paragraph set forth that the payment of those taxes was paid under protest and subject to refund as to their "illegal, excessive and fraudulent rates *and assessed value*." (Emphasis added.) This paragraph clearly raised an objection to the values at which the properties were assessed. The exact amount the properties were overassessed is not stated. Absent any statement of the exact amount of overassessment, one can only interpret this paragraph to be an objection to the entire amount of the assessed value. This is precisely what the objectors contend. Although the taxpayers could have been more specific in their protest, we feel there was sufficient information in the notice of protest to enable the collector to ascertain the grounds and amount and origin of the tax protested.

The County contends that *People ex rel. Kohorst v. Gulf M. & O. R.R. Co.*, 22 Ill.2d 104, 174 N.E.2d 182, and *People ex rel. Hillison v. Chicago, B. & Q. R.R. Co.*, 22 Ill.2d 88, 174 N.E.2d 175, require a different decision. It is true that *Kohorst* and *Hillison* stand for the proposition that the taxpayers' recoveries are limited by the amount of taxes they protest. Nowhere in these cases, however, is it decided that a specific percentage of the taxes must be set forth or that objecting to "excessive assessed value" does not effectively place the entire assessment under protest.

The County furthermore contends that to hold that the objectors in this case are in substantial compliance with section 194 would make it impossible for the county collector to carry out his duties. They note that section 194 provides that the collector "may withhold from distribution the amounts paid under protest of 1% of the total taxes collected, whichever is less." The County argues that the collector, therefore, must have a way of ascertaining the exact amount of taxes protested in order to

determine whether the total amount of taxes protested is less than 1 percent of the total taxes collected. The County contends that taxpayers who merely say that the assessed value was excessive without specifying the exact amount the properties were overassessed would defeat this purpose.

■■ We are of the opinion that there is nothing in section 194 which prohibits a taxpayer from protesting the entire amount of the tax or the entire assessed value. The one percent holdback provision of section 194 is not mandatory but merely optional as the word "may" implies. Furthermore, it has been held that section 194 was not an attempt by the General Assembly to insure that there would be sufficient funds on hand to pay all the refunds. (*People ex rel. Brenza v. Edwards*, 413 Ill. 514, 109 N.E.2d 754.) The rationale for the strict interpretation of section 194 put forward by the County is further negated by the practices actually followed in Cook County. In a letter addressed to the lower court by the county treasurer of Cook County, the county treasurer stated that he was not "concerned with, nor does he take cognizance of, any percentage limitation set forth in any 'protest' made of tax rates or assessed valuations paid under protest." The letter said the treasurer automatically set aside one percent of all taxes collected each year as a reserve fund regardless of the amount of taxes protested in that year.

The County contends this letter may not be taken into consideration by this court because it was never offered in evidence at the trial level and hence is not part of the record.

The treasurer's letter was attached to the objectors' motions to modify the trial court's decisions. The motions recite that this letter was not offered by the objectors until that stage of the trial court proceedings because the issue concerning whether the notices of protest conformed to section 194 had not arisen until the trial court's judgment was handed down. The County's answer to the objectors' motions, which recognized the letter's existence, did not attack the letter's veracity nor object to the trial court's consideration of it. The County's answer only contended the letter was irrelevant. The trial court's order, denying the objectors' motions to modify the judgment, not only said that the court had taken all exhibits attached to the objectors' motions into consideration, but also stated it was incorporating all of those documents into its order by reference.

■■ It is true that on appeal a reviewing court is limited to the record of the trial court. (*People ex rel. Coats v. Sa'n*, 24 Ill.2d 248, 181 N.E.2d 179; *Atkins v. Atkins*, 393 Ill. 202, 65 N.E.2d 801.) However, Supreme Court Rule 321 states that the trial court record includes not only the report of the proceedings below, but also "every other document filed

and judgment and order entered in the cause." (Ill. Rev. Stat. 1973, ch. 110A, par. 321.) The letter in question had been attached to a motion filed in this case and incorporated by the trial court in its judgment order. Furthermore, motions or affidavits which a trial court has specifically said were before the court and considered by that court in a ruling it made are part of the record. (*Bellinger v. Barnes*, 223 Ill. 121, 79 N.E. 11; *Gore v. National Association of Certified Public Accountants*, 231 Ill.App. 38.) Although the letter is not essential to our decision in this case, we feel it is proper to consider it.

■■ We are of the opinion that the objectors have substantially complied with section 194 in protesting the entire assessed values of the properties in question. It is therefore not proper to limit their recovery to 6 percent of the taxes paid. The trial court should have allowed a refund of that portion of the objectors' 1970 real estate taxes which was the result of the overassessed value of the properties.

The judgment is reversed and the cause remanded with directions to recompute the amounts of refund on the basis of the corrected assessed valuations without regard to any 6-percent limitation.

Judgment reversed and cause remanded with directions.

GOLDBERG and HALLETT, JJ., concur.