*In re* APPLICATION OF COUNTY TREASURER.—(BERNARD J. KORZEN, County Treasurer and Ex-Officio County Collector, Applicant-Appellee, *v.* COMMERCIAL STAMPING & FORGING, INC., Objector-Appellant.)

First District (1st Division) No. 62612

Opinion filed October 4, 1976.

Marshall I. McMahon, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner and Dorothy Kirie, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Commercial Stamping & Forging, Inc. (Objector) appeals from the dismissal of its objection to the county collector's application for judgment for 1969 real estate taxes and from the judgment for the full amount of those taxes. The facts are stipulated:

In 1968, Inland Steel Company was the owner of the real estate located at 6558 South Menard Street, Chicago, Illinois. In that year it obtained from the assessor of Cook County a downward revision in the assessed valuation from $891,719 to $349,963. In March, 1969, the property was sold to the objector, Commercial Stamping & Forging, Inc. In 1969, a non-quadrennial year, the assessed value was increased to $957,196. No actual notice of said increase was given to or received by either the objector or Inland Steel. Additionally, no notice of the increase in the assessed value was ever published by the assessor. The objector's 1969 tax bill was $68,534.54, payable in two installments of $34,267.27 each. On May 1, 1970, it paid $27,500 of its first installment under protest. The balance of the outstanding tax and interest accumulated thereon was paid under protest just prior to the objector's resting its case at the trial of the objection. The paid tax bills and protest letters were admitted into evidence.

At the conclusion of the objector's case in chief, the county collector moved to dismiss the objection for failure of the objector to comply with the prepayment requirement of sections 194 and 235 of the Revenue Act of 1939, as amended (Ill. Rev. Stat. 1969, ch. 120, pars. 675 and 716), in that it did not pay all of the tax installments due prior to the filing of the objection.

The trial court, in a memorandum opinion filed May 12, 1975, held that Inland Steel was entitled to notice of a non-quadrennial revision of the assessment and that the 1969 increase in assessed value was illegal because (1) no actual notice of said increase was given by the assessor to anyone and (2) there was no publication of the change of the assessment in the

non-quadrennial year of 1969. The court further held the language of sections 194 and 235, requiring the payment of all tax installments due to be made prior to the filing of the objection, was mandatory and that the objector's failure so to pay required the dismissal of the objection.

Objector's first contention is that the prepayment requirement of sections 194 and 235 of the Revenue Act of 1939, as amended (Ill. Rev. Stat. 1969, ch. 120, pars. 675 and 716), is directory and not mandatory. These sections provide in pertinent part as follows:

"If any person desires to object pursuant to Section 235 of this Act to all or any part of a real property tax for any year, for any reason other than that the real estate is not subject to taxation, he *shall* first pay all of the tax installments due, * * *." (Emphasis added.) Ill. Rev. Stat. 1969, ch. 120, par. 675.

" * * * Provided, that no person shall be permitted to offer any such defense unless such writing specifying the particular cause of objection shall be accompanied by an official original or duplicate tax collector's receipt, showing that all taxes to which objection is made have been paid under protest pursuant to the provisions of section 194 of this Act; * * *." Ill. Rev. Stat. 1969, ch. 120, par. 716.

The Supreme Court of Illinois has repeatedly stated that the prepayment requirement of these sections is mandatory. (*People ex rel. Wisdom v. Chicago, Burlington & Quincy R.R. Co.* (1965), 32 Ill. 2d 434, 436, 206 N.E.2d 702, 704; *People ex rel. Anderson v. Chicago & Eastern Illinois R.R. Co.* (1948), 399 Ill. 520, 526, 78 N.E.2d 265, 268; *People ex rel. Darr v. Alton R.R. Co.* (1942), 380 Ill. 380, 384, 43 N.E.2d 964, 966; *People ex rel. Sweitzer v. Orrington Co.* (1935), 360 Ill. 289, 293, 195 N.E. 642, 644.)

In *People ex rel. Darr v. Alton R.R. Co.* (1942), 380 Ill. 380, 384, 43 N.E.2d 964, 966, the court construed the prepayment provision at issue here:

"The provisions of section 235 indicate that the legislature intended that no one should be permitted to object to a tax unless he had previously paid under protest at least seventy-five per cent[1] of the tax to which objection was made and that proof of such facts had to accompany the filing of the objection. This provision is mandatory and is a condition that a tax objector must meet before making objections, * * *."

---

[1] In 1957, the words "at least seventy-five per cent" were deleted and "all of said tax installments due" substituted.

This court has on two recent occasions also so held. *In re Application of County Treasurer* (1972), 5 Ill. App. 3d 694, 283 N.E.2d 905 (abstract opinion); *In re Application of County Collector* (1974), 23 Ill. App. 3d 923, 320 N.E.2d 456.

The only exception to the prepayment requirement of section 235, as

stated in section 194, is where the objection is that the real estate assessed is not subject to taxation. These statutes do not provide for an exception where, as here, the taxpayer's objection is that the tax was unauthorized by law because it was based on an assessment in a non-quadrennial year of which it received no notice.

*Hoffmann v. Stuckslager* (1971), 48 Ill. 2d 262, 269 N.E.2d 501, *John Allan Co. v. Sesser Concrete Products Co.* (1969), 114 Ill. App. 2d 186, 252 N.E.2d 361, and *Zeve v. Levy* (1967), 37 Ill. 2d 404, 226 N.E.2d 620, relied on by objector, concern different and unrelated sections of the Revenue Act and are inapplicable.

■■ The payment by objector of the balance of the taxes after the filing of the objection but before the entry of judgment did not fulfill the mandatory condition of sections 194 and 235. Its objection was properly dismissed.

■■ Objector contends that if sections 194 and 235 are mandatory in this instance, they effectively deny it due process of law. Objector maintains that the assessor's failure, in violation of section 97 of the Revenue Act of 1939, as amended (Ill. Rev. Stat. 1969, ch. 120, par. 578), to notify it of the increased assessed value of its property in a non-quadrennial year deprived it of its opportunity to seek relief in a hearing before the assessor and the Board of Appeals. We note, parenthetically, that objector did not raise the failure of the assessor to give notice until nine months after the filing of its original objection; but, even if it had been raised at the outset, it is without merit.

In *Dietman v. Hunter* (1955), 5 Ill. 2d 486, 489, 126 N.E.2d 22, 23, the court stated the requirements of due process in tax assessment procedures:

> "Due process requires that the property owner be given notice and an opportunity to be heard upon the valuation of his property at some point in the taxing process before his liability to pay the tax becomes conclusively established. * * * [T]he taxpayer is not entitled to notice and an opportunity to be heard at each stage, or at any particular stage, of the assessment procedure. So it has been held that if the taxpayer may be heard upon the question of valuation in an action brought to collect the tax, (*Weyhauser v. Minnesota,* 176 U.S. 550, 555,) or in an action to restrain collection of the tax, (*Security Trust and Safety Vault Co. v. Lexington,* 203 U.S. 323,) due process requirements have been satisfied."

See also *Little Sister Coal Corp. v. Dawson* (1970), 45 Ill. 2d 342, 259 N.E.2d 35.

Here, in the assessor's application for judgment for taxes, sections 194 and 235 of the Revenue Act, as amended, gave objector the right to be

heard on the question of valuation. Objector also had the option to seek equitable relief on the ground that the tax was unauthorized by law because of the assessor's failure to give the notice required by statute. (*Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 105, 306 N.E.2d 299, 301; *Exchange National Bank v. Cullerton* (1974), 20 Ill. App. 3d 370, 376, 314 N.E.2d 271, 275.) Instead, it elected to pursue its remedy at law under the statute by seeking a refund, but it failed, before it filed its objection, to fulfill the statutory requirement of prepayment of all of the installments due. Its failure to comply with the statute properly resulted in the dismissal of its objection.

■■ Objector further contends that requiring it to pay all of the installments due before the filing of its objection violates its constitutional rights because it deprives objector of the use of the amount of money representing the illegal tax. This argument is not persuasive because it is a common, sanctioned practice to require prepayment before contesting a tax. In *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415, 167 N.E.2d 236, the court rejected a claim that the prepayment provision requires a taxpayer to purchase justice in contravention of section 19 of article II of the Illinois Constitution of 1870 (now section 12 of article I), pointing out (19 Ill. 2d 415, 424, 167 N.E.2d 236, 241) that " * * * [T]he common practice of the land with respect to many taxes, such as income taxes, withholding tax and the like, serve greatly to refute the plaintiff's position." While the court there was not addressing itself to the due process question, its reasoning is persuasive that the mandatory prepayment requirement of sections 194 and 235 of the Revenue Act, as amended, did not deprive objector of its constitutional right to due process of law.

■■ Finally, objector contends that the enforcement of the prepayment requirement here will constitute a denial of equal protection. This contention, too, lacks merit because it was objector who elected to seek a refund under the statute, rather than to seek relief in equity. Although the inability to pay is not a bar to the exercise of constitutional or statutory rights (*Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 280 N.E.2d 208), we find no claim of such inability in the record before us. Indeed, the record indicates that objector was able to and did pay all of the taxes claimed due by the collector just before the trial court rendered its decision. Moreover, the dismissal of the objection here did not result in objector being treated differently from other taxpayers who follow the statute in making objections to the collector's applications.

Objector does not contend that the prepayment provisions of the Revenue Act are not applied equally to all objectors and there is nothing in the record to indicate that objector was unfairly prejudiced. The

mandatory prepayment provisions of sections 194 and 235 of the Revenue Act of 1939, as amended, did not deny objector equal protection of the law.

The judgment of the circuit court dismissing the objection and entering judgment for the full amount of the 1969 taxes is affirmed.

Judgment affirmed.

BURKE and SIMON, JJ., concur.