THE CHICAGO, MADISON AND NORTHERN RAILROAD CO.

*v.*

THE PEOPLE *ex rel.* John Elsesser, County Collector.

*Opinion filed February 17, 1904.*

1. TAXES—*amendments to objections should be permitted if made in apt time.* Under section 191 of the Revenue act, amendments, if offered in apt time, should be permitted to objections to judgment of sale for taxes, in order to enable the objector to present any existing valid defense.

2. SAME—*when amendment to objection should be permitted.* On application for judgment and sale "for general and special taxes due for the year 1902," if the court refuses to admit evidence under objections purporting to be to the "delinquent taxes for the year 1903," the defendant should be allowed to amend, where the taxes objected to are the same ones referred to in the application.

APPEAL from the County Court of Stephenson county; the Hon. A. J. CLARITY, Judge, presiding.

J. H. STEARNS, (WILLIAM BARGE, of counsel,) for appellant.

LOUIS H. BURRELL, State's Attorney, (HORATIO C. BURCHARD, of counsel,) for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

At the June term, 1903, the county collector of Stephenson county made application to the county court in said county for judgment and order of sale for the taxes which were then delinquent which had been levied for the year 1902 in said county. The appellant appeared and filed objections to the town taxes for the towns of Buckeye, Ridott, Silver Creek, Harlem and Oneco, to the school taxes in school district No. 37, town 27, and to the road and bridge taxes in the town of Silver Creek, levied against its property. The objections were overruled and

judgment and order of sale were entered, and the appellant has prosecuted an appeal.

The notice of the application for judgment and order of sale stated that the county collector would apply for judgment for the "general and special taxes due for the year 1902," and the objections filed by appellant stated that "now comes [the appellant] and defends against the application * * * for judgment and order of sale for delinquent taxes of the year 1903," etc. On the hearing the appellant offered evidence in support of the objections, to show that the town taxes above referred to were levied for town purposes or some other purpose equally indefinite; that the road and bridge taxes in the town of Silver Creek were levied under the cash system when the town was operating under the labor system, and that the school taxes for district No. 37, town 27, were not levied at a meeting of the school board, and that the certificate of levy was made and signed by the members of the board severally, and while they were separate and apart from each other. The court, however, upon the objection of the appellee, refused to admit such evidence or any evidence offered on behalf of appellant to support its objections, on the ground that the objections filed did not cover the taxes for which judgment and order of sale were sought by the county collector, it being the view of the appellee and the trial court that the "delinquent taxes of the year 1903" were taxes other than the "general and special taxes due for the year 1902." After the court had declined to permit appellant to introduce evidence to sustain its objections on the ground that the objections filed by it were not objections to the taxes upon which the collector was seeking a judgment and order of sale, the appellant moved the court that it be allowed to amend its objections so they would read, in the particular complained of, "now comes [the appellant] and defends against the application * * * for judgment and order of sale for taxes

levied in the year 1902 and becoming delinquent in the year 1903," etc., but the court declined to permit such amendment.

We think there is much force in the contention that the objections were sufficiently specific to cover the taxes upon which judgment and order of sale were sought to be had. The taxes were levied in 1902, and if not paid on or before the tenth day of March, 1903, or so soon thereafter as the books should be returned to the county collector, they became delinquent. (Revenue act, sec. 177.) The taxes levied in 1902, if not paid within the time specified in the statute, became the delinquent taxes of 1903, so that the application and objections referred to the same taxes.

If, however, it be conceded the objections are somewhat indefinite, and if the trial court was in doubt as to whether the objections covered the taxes referred to in the application for judgment and order of sale, we are of the opinion the appellant should have been permitted to amend its objections by incorporating therein apt words to show it was objecting to the taxes levied in the year 1902 and which were delinquent in the year 1903. Section 191 of the Revenue act provides: "In all judicial proceedings of any kind, for the collection of taxes and special assessments, all amendments may be made which, by law, could be made in any personal action pending in such court." This language is broad and comprehensive, and under it amendments to objections to judgment and order of sale for delinquent taxes may and should be permitted in so far as may be necessary to permit objectors to fairly present any existing valid objections to the application for judgment and sale against their lands for delinquent taxes, if made in apt time. The appellant here had no notice that the objections filed by it would be held by the court insufficient to admit in evidence proofs of what it believed to be a valid objection to a judgment and order of sale for the taxes objected to by

it, until it had entered upon the trial, and so soon as it was advised fully of the ruling of the court it asked leave to amend its objections to meet the view of the court. The amendment sought to be made was as to a matter which could have worked no surprise upon the appellee, as it is apparent the county collector was asking for judgment and order of sale upon the same taxes to which appellant was objecting. When the objections were held insufficient in the particular complained of, the court should have permitted the amendment to be made.

It is claimed the evidence offered does not show the taxes objected to are invalid. The appellant was not given an opportunity to show the invalidity thereof, as the court held that no evidence could be introduced under the objections filed. The evidence offered and rejected, which is incorporated in the record as offers, fairly tends to show that the town taxes in the several towns were levied for town purposes or for some other purpose equally indefinite, which, it has been held, is not sufficient to sustain a tax levy; (*People* v. *Chicago and Alton Railroad Co.* 194 Ill. 51;) that the road and bridge taxes objected to were levied under the statute authorizing a levy under the cash system when the town was acting under the labor system; and that the school taxes were not levied at a meeting of the school board, but that the certificate of levy was signed by the members of the board acting separately and independently of each other. (*Chicago and Northwestern Railway Co.* v. *People*, 184 Ill. 240.) We, however, express no opinion as to the validity of any of the taxes objected to, but leave those questions open to be determined upon a new trial, when all the evidence with reference thereto is before the court.

The judgment of the county court will be reversed and the case remanded.       *Reversed and remanded.*