(No. 11719.—Reversed in part and remanded.)

THE PEOPLE *ex rel.* John H. McCallister, County Collector, Appellee, *vs.* THE WABASH RAILROAD COMPANY, Appellant.

*Opinion filed December 19, 1917—Rehearing denied Feb. 7, 1918.*

1. TAXES—*when objection is sufficient to question validity of town tax.* An objection to a town tax stating that the levy can be made only by a vote at the annual town meeting and upon a certificate of the town clerk filed with the county clerk, that no valid tax was levied and that its extension was without authority of law is sufficient to raise the question of the validity of the tax, not only on the ground that it was extended upon a certificate of the board of town auditors, but also that it was not authorized by vote at the annual town meeting.

2. SAME—*what objection to road and bridge tax does not limit proof to certificates of levy.* An objection to a road and bridge tax that the holding of the two meetings by the commissioners of highways as required by statute was not shown by the certificates of levy does not limit the proof merely to the introduction of the certificates, but the objector may prove that the meetings were not held as required by law.

3. SAME—*when court should allow amendments to objections under section 191 of Revenue act.* On application for judgment for taxes, if the court is of the opinion that the objections interposed to the various taxes are not stated with sufficient certainty and directness a motion to amend in that regard should be allowed under section 191 of the Revenue act.

4. SAME—*the rule as to filing additional objections does not apply to amendments made for greater clearness.* On application for judgment for taxes it is within the discretion of the court, on the hearing, to allow or deny the filing of additional objections; but this rule does not authorize the denial of an amendment which does not introduce any new objection but merely states the original objection with greater clearness.

5. SAME—*rule for filing objections by certain date does not bar amendments.* On application for judgment for taxes, the fact that a rule has been entered by the county court that objections shall be filed by a certain date does not affect the right to amend for greater clearness original objections which have been filed within the time allowed.

6. SAME—*section 188 of Revenue act does not require amount of penalty to be stated in delinquent list prior to judgment.* Sec-

tion 188 of the Revenue act does not require that the amount of the penalty of one per cent per month shall be stated in the delinquent list contained in the judgment, sale, redemption and forfeiture record prior to the rendition of a judgment for taxes.

APPEAL from the County Court of Hancock county; the Hon. E. W. DUNHAM, Judge, presiding.

N. S. BROWN, D. E. MACK, and JOHN W. WILLIAMS, for appellant.

EARL W. WOOD, State's Attorney, (SCOFIELD, HELFRICH & CALIFF, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Hancock county overruling the appellant's objections to judgment for certain taxes and rendering judgment therefor against appellant's property.

The taxes objected to are the town tax of the town of Prairie, the city tax of the city of Carthage and the road and bridge taxes of the towns of Chili, Harmony, Carthage, Prairie and Montebello. The aggregate of the taxes here involved for which judgment was asked amounted to $1548.49. They were taxes levied for the year 1914. The court overruled appellant's objections and rendered judgment for the full amount of the taxes claimed, and for penalties, aggregating $393.43.

Appellant sought to prove on the hearing that the town tax of the town of Prairie was attempted to be levied by the board of auditors and that no town tax was authorized to be levied by a vote of the electors at the annual town meeting, but the proof offered to support that claim was objected to on the ground that there was no valid objection on file under which such proof could properly be made, and the objection was sustained.

In support of the appellant's objection to the road and bridge taxes in the towns mentioned, appellant attempted

to prove that the commissioners of highways of the respective towns did not hold two meetings, as required by sections 50 and 56 of the Road and Bridge act, within the time required, for the purpose of determining the rate and the amount of tax to be levied for road and bridge purposes. Appellee objected to this proof on the ground that under the written objections filed by appellant such proof was incompetent, and this objection also was sustained. Appellant asked leave to amend the objections, but the court denied the leave and entered judgment for the taxes, penalties, interest and costs.

Appellee insisted in the county court, and insists here, that the original objections filed to the town tax of the town of Prairie and the road and bridge taxes in the five townships mentioned did not raise the question whether the town tax of the town of Prairie had been authorized by a vote of the electors at the annual town meeting and certified by the town clerk, or whether the commissioners of highways had, at meetings held at the times required by law, determined the rate and fixed the amount of the road and bridge taxes, and that any amendment to authorize the admission of proof upon those questions would be the introduction of additional objections, and this seems to have been the view of the county court.

The original objections to the town tax of the town of Prairie stated the tax was extended upon a certificate of the board of town auditors; that said board was not authorized to make the levy, "and a valid levy can only be made at the proper annual town meeting by motion or resolution, after which it is the duty of the town clerk to make due certificate of the amount of tax voted and file the same with the county clerk; that neither a valid levy was made or certified, and the extension of such tax is without authority of law and is void." The objection to the road and bridge taxes stated that in each and all of the certificates of levy upon which the tax was extended it was stated that the

commissioners had determined the amount necessary to be raised, but that it was not shown this was "determined and certified at a regular meeting held on the first Tuesday in September, as provided by section 56 of chapter 121 of the Revised Statutes, and that the commissioners held a regular semi-annual meeting between the first Tuesday in August and the first Tuesday in September for the purpose of determining the tax rate to be certified, as provided in section 50 of said chapter, and no rate is shown to have been determined and certified. These sections are mandatory, and a failure to comply with their provisions invalidates the tax."

It is true the objections we have above quoted did not, as directly and specifically as might have been done, state the grounds upon which appellant offered proof to show the taxes were not legally levied, but the objection to the town tax of the town of Prairie stated a valid levy could only be made by a vote at the annual town meeting and a certificate of the town clerk of the amount of the tax voted filed with the county clerk, and that no valid tax was levied, and the extension of it was therefore without authority of law. We think, notwithstanding any lack of being specific or definite, it raised the question of the validity of the levy not alone on the ground that the tax was extended upon a certificate of the board of town auditors, but also on the ground that it had not been authorized by vote of the electors at the annual town meeting. It also seems plain and to be clearly understood from the statement in the objection to the road and bridge tax, that the objection was based upon the claim that the tax was not levied in the respective townships pursuant to meetings of the commissioners of highways held as required by sections 50 and 56 of the Road and Bridge act. We do not think the statement in the objection that these facts were not shown by the certificates of levy limited the proof merely to the introduction of the certificates and rendered proof that the meetings were

not held as required by law incompetent. At all events, those objections were stated, and if the court was of opinion they were not stated with sufficient certainty and directness the motion to amend in that regard should have been allowed. Section 191 of the Revenue act provides that if anyone offers any defense to a judgment being rendered for taxes he shall specify in writing the particular cause of the objection, but the same section permits all amendments to be made in such a proceeding for the collection of taxes which by law could be made in any personal action. This authorizes amendments of objections to judgment of sale for taxes. (*Chicago, Madison and Northern Railroad Co.* v. *People,* 207 Ill. 312; *Chicago, Peoria and St. Louis Railway Co.* v. *People,* 214 id. 471.) It is within the sound discretion of the court, on the hearing, to allow or deny further or additional objections to be filed. (*People* v. *Huey,* 277 Ill. 561; *People* v. *Campbell,* 278 id. 56.) But this rule does not apply to an amendment which does not introduce any new or additional objection but merely states with greater clearness the original objection. The fact that a rule was entered by the county court that objections should be filed by a certain date, which was previous to the hearing, is of no significance. Appellant filed its original objections within the time fixed by the rule, but its right to amend the objections thereafter was not barred by said rule. *Chicago, Peoria and St. Louis Railway Co.* v. *People, supra.*

It is contended by appellant that if the judgment for taxes and order of sale had been proper the court erred in including in the judgment the statutory penalties because they were not set out or claimed in the delinquent list contained in the tax, judgment, sale, redemption and forfeiture record, which is in the nature of a declaration and states the cause of action. Section 177 of the Revenue act provides for a penalty on delinquent taxes at the rate of one per cent per month after May 1 until paid or forfeited. Section 188 does not require that the amount of the pen-

alty shall be stated in the delinquent list contained in the judgment, sale, redemption and forfeiture record prior to the rendition of judgment. Section 191 provides "the court shall give judgment for such taxes and special assessments and penalties as shall appear to be due." This may as readily be done by computing the amount of the penalties at the time the judgment is rendered as by computing the amount before judgment.

The objection to the city tax of the city of Carthage is based on the claim that the appropriation ordinance, pursuant to which the levy was made, combines $4500 for the payment of bonds issued by the city for the construction of a water-works system with the amount levied for the payment of indebtedness incurred for corporate purposes, and does not specify how much of the levy is to pay bonded indebtedness and how much for other indebtedness incurred for other corporate purposes. The ordinance reads as follows:

"*Bonded indebtedness fund.*—For the payment of the bonds of said city maturing during the present fiscal year and all interest on all bonds of the said city issued by the city under ordinances of the city in payment of the indebtedness incurred in and about the construction of the waterworks system, the erection of the water tower and tank, and for the payment of the indebtedness incurred by said city for corporate purposes, the sum of $4500. Total appropriations, exclusive of bonded indebtedness and the interest thereon, is the sum of $12,188. The appropriation for bonded indebtedness and interest thereon is $4500. The grand total appropriation for all purposes is the sum of $16,668."

While the ordinance, in the first part of it, would seem from a cursory reading to embrace two purposes for which the levy was made of the sum of $4500, we are of opinion it is apparent from a careful reading of the whole ordinance that the $4500 was for bonded indebtedness alone, and that

bonded indebtedness is the only indebtedness for which the sum of $4500 was levied. The ordinance states the total appropriation exclusive of bonded indebtedness is $12,188, that the appropriation for bonded indebtedness is $4500, and that the total of all appropriations for all purposes is $16,668.

The court properly overruled the objections to the city tax of the city of Carthage, and the judgment for that tax is affirmed. As to all the other taxes, the town tax of the town of Prairie and the road and bridge taxes of the towns of Chili, Harmony, Carthage, Prairie and Montebello, the judgment is reversed and the cause remanded to the county court, with directions to permit appellant to amend its objections to those taxes if it shall so desire, and for further proceedings in accordance with the views expressed in this opinion. *Reversed in part and remanded, with directions.*