(No. 29949.—

THE PEOPLE *ex rel.* Victor L. Schlaeger, County Collector, Appellee, *vs.* RIDGE COUNTRY CLUB *et al.*, Appellants.

*Opinion filed May 22, 1947.*

ADELBERT BROWN, of Chicago, for appellants.

WILLIAM J. TUOHY, State's Attorney, and BARNET HODES, Corporation Counsel, (JOSEPH F. GROSSMAN, OTHO S. FASIG, EMMETT HARRINGTON, and J. HERZL SEGAL, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

The treasurer and *ex-officio* county collector of Cook county made application to the county court of that county for judgment and order of sale of lots and parcels of land returned delinquent for nonpayment of the general taxes for the year 1942. Objections were filed to certain rates levied by various municipalities. It was alleged in the objections that they were presented on behalf of persons, firms and corporations whose names appeared in the annexed schedule of lands, which schedule was made a part of the objections. The record filed on this appeal does not include such schedule but the report of the proceedings shows that it was stipulated that the taxes levied against the lands of the objectors for 1942 were paid in full under protest, including the taxes levied against the assessed values of certain described real estate of the Ridge Country Club. It was stipulated that any appeal should for convenience be designated as People ex rel. Schlaeger v. Ridge Country Club. This fact is mentioned for the purpose of showing that counsel intended to save themselves extra labor, to reduce the expense and save the time of the court by taking the objections common to many parcels of real estate and submitting them as to a single tract. We commend the practice and believe that the same motive which prompted it also prompted the order appealed from in this case.

Evidence was introduced in support of the objections and thereafter, on July 24, 1946, the court made what is termed a "final pronouncement." On August 22, a second pronouncement was entered, in the main the same as the first, but which expressly vacated the previous one. On September 20, objectors moved to vacate the one of August 22. An order entered on October 2 modified the pronouncement, in a particular not material here, and overruled objectors' motion to vacate. On October 31, objectors filed a notice of appeal from that part of the order of October 2 which denied the motion to vacate the pronouncement order of August 22.

The county collector has filed a motion in this court to dismiss the appeal, which was taken with the case. The parties treat the motion of objectors to vacate the pronouncement of August 22, and the order overruling the same, as raising a question as to whether an appeal could be taken from such pronouncement. It is conceded the order, in a general way, was in accord with what has been the practice in tax matters in the county court of Cook county for several years. The purpose as shown in the pronouncement judgment was to avoid the perfecting of a large number of appeals to this court and to provide a test case, the decision of which would control the judgments to be entered as to the tracts for which no appeal had been perfected. Objectors' argument against such practice and the results to which it leads have been carefully considered but its persuasiveness cannot control the requirements of the statute as to what constitutes a final judgment.

The hearings on application of the county collector for judgment and order of sale of real estate for delinquent taxes, the filing of objections thereto, the form of judgment to be entered and appeals therefrom are provided for in sections 235, 235a, and 237 of the Revenue Act. (Ill. Rev. Stat. 1945, chap. 120, pars. 716, 716a and 718.) It

has been held that these provisions control the practice and right of appeal in all hearings on application for judgment and order of sale for delinquent taxes and objections thereto. *People ex rel. Pickerill v. New York Central Railroad Co.* 391 Ill. 377; *People ex rel. Hudson v. Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 360 Ill. 180; *People ex rel. Harding v. Morris,* 338 Ill. 335.

The hearing provided for in the first paragraph of section 235 (par. 716) directs that the court shall examine the delinquent list and, if defense in writing has been made, the court shall hear and determine the matter in a summary manner without pleadings "and shall pronounce judgment as the right of the case may be." In the second paragraph of said section, it provides that the court shall give judgment for such taxes and penalties "as shall appear to be due, and such judgment shall be considered as a several judgment against each tract or lot or part of a tract or lot for each kind of tax or special assessment included therein." The next step is that the court "shall direct the clerk to make out and enter an order for the sale of such real property against which judgment is given." The form of judgment and order of sale is prescribed in the third paragraph, and the fourth directs that the order prescribed by the third paragraph shall be signed by the judge. Section 237 (par. 718) provides that appeals may be taken from the judgment of the court to the Supreme Court as in other civil cases by filing notice of appeal within thirty days from the rendition of such judgment.

The statute indicates a legislative intent to prescribe successive steps to be taken to reach a final judgment. Due to the method by which objections to tax levies are permitted to be filed and the procedure to be followed, it was necessary that some such provision be made so that there would be a final, several judgment as to each tract, lot, or parcel of land for each kind of tax. The provision in the first paragraph which says the court may pronounce

judgment as the right of the case might be is only one step of several in the course that leads to a judgment and order of sale. After the court has pronounced judgment as the right of the case may demand, the clerk is directed to make out and enter an order of sale for each piece or parcel of property involved. The form prescribed in the third paragraph of section 235 requires that after a recital of certain facts as to notice and other matters, the judgment shall state: "It is considered by the court that judgment be and is hereby entered against the aforesaid tract, or tracts, or lots of land, * * * in favor of the People of the State of Illinois, for the sum annexed to each, being the amount of taxes, * * * interest, penalties and costs due severally thereon." The paragraph concludes with an order directing that such property, or so much as is necessary, be sold to satisfy the amount due.

The judgment from which the appeal may be taken under section 237 (par. 718) clearly refers to the judgment that has been entered in accord with the form prescribed in the third paragraph of section 235. A judgment thus entered is separate as to each piece or parcel of real estate. It contains, either by direct finding or by reference, the exact amount due for which the property is to be sold. It includes an order of sale. In short, it is the termination of the litigation and nothing remains to be done except to execute the order by selling the property, or so much thereof, as is necessary to recover the amount due. These factors are the essentials of a final judgment and are not present in the pronouncement of judgment provided for in the first paragraph of section 235. The act, considered as a whole, appears to contemplate that there shall be a pronouncement as to the question raised by the objections which is to be followed by the entry of a judgment in substantially the form prescribed in the section. Such a judgment is several as to each parcel of real estate and carries with it the amount of tax due or makes

reference to records from which it may be ascertained. After the pronouncement judgment has been entered, the trial court thereby disposes of the questions raised by the objections and in that sense the judgment is final. But the statute requires a judgment which fixes by exact computation or apt reference to records the exact amount due and for which the particular property may be sold.

It was held in *Nugent* v. *Toman,* 372 Ill. 170, that a county court is not required to enter judgment against each parcel of real estate at the same time but may enter judgment against part at one time and part at another.

With the requirements of the statute as a guide, we will now test the final pronouncement order of August 22 to determine whether it was a judgment from which an appeal could be taken. It contained two general findings, (1) that certain specified tax rates of the city of Chicago which had been extended against objectors' property were illegal and void, and (2) that all other objections to the 1942 rates levied by the city of Chicago and other municipalities, which were named, were not well taken. Jurisdiction was reserved for the further consideration of objections to excessive or illegal valuations and objections which involved claims for exemptions. It then ordered that the objections to the tax rates found to be illegal and void were sustained and that objections to tax rates which had been found not to be well taken were overruled. It ordered that separate judgment be prepared in accordance with such finding and the same be presented to the court for entry. Then followed these pertinent paragraphs:

"IT IS FURTHER ORDERED that this pronouncement and order shall be entered in and apply to all objections to taxes produced by 1942 tax rates of the above mentioned taxing bodies extended against real estate located within the City of Chicago.

"And it appearing to the court that the County Collector and the objector have jointly moved to vacate the fore-

going pronouncement and order only in so far as it shall be necessary to modify the same to conform to decisions of the Supreme Court of Illinois in test cases heretofore taken or hereafter to be taken to  *  *  *  the Supreme Court of Illinois from judgments of this court in the 1942 tax rate cases,

"IT IS ORDERED that said motion to vacate be, and the same hereby is, entered and continued until the final disposition of the said appeals taken and to be taken to  *  *  * the Supreme Court of Illinois and that said motion to vacate shall be allowed only in so far as shall be necessary to conform this pronouncement and order to the decision of the Supreme Court of Illinois in said test cases."

No significance is attached to the recital in the second quoted paragraph that the county collector and the objectors have jointly moved to vacate the pronouncement of August 22. Objectors' counsel says he did not move jointly and that such statement should not be taken to imply concurrent action. The pronouncement of August 22 shows that the several steps required by the statute to make a judgment final and one from which an appeal could be taken were not complied with. It did conform to the requirement in the first paragraph of section 235 that the court should hear and determine the matter and pronounce judgment as the right of the case might be. It also makes provision for compliance with that part of the statute which directs that separate judgments be prepared in accord with the findings and presented to the court for entry. But it goes no further and the provisions requiring separate judgments in substantially the form prescribed were not complied with. As stated, it is the compliance with these provisions that makes the judgment final and one from which an appeal may be taken.

The motion to dismiss the appeal will be allowed.

*Appeal dismissed.*