(No. 30019.— )

THE PEOPLE *ex rel.* Louis E. Nelson, County Collector, Appellee, *vs.* H. H. SLINGERLAND *et al.,* Appellants.

*Opinion filed May 22, 1947.*

ADELBERT BROWN, of Chicago, for appellants.

WILLIAM J. TUOHY, State's Attorney, BARNET HODES, Corporation Counsel, RICHARD S. FOLSOM, and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, (JOSEPH F. GROSSMAN, OTHO S. FASIG, EMMETT HARRINGTON, J. HERZL SEGAL, JOSEPH B. FLEMING, and THOMAS M. THOMAS, of counsel,) all of Chicago, for appellee.

Per CURIAM: A motion to dismiss this appeal for want of a final appealable order has been taken with the case. The treasurer and *ex-officio* county collector of Cook county made application to the county court of that county for judgment and order of sale of lands for delinquent taxes for the year 1943. Objections were filed by various property owners to several tax rates of the city of Chicago and certain rates of other municipalities. After a hearing of evidence, the court on October 16, 1946, entered what is termed a "final pronouncement" judgment. Objectors' motion to vacate and set aside the final pronouncement judgment was overruled and objector filed a notice of appeal from such order.

The pronouncement judgment, except as to three paragraphs, is in substantially the same language as the "final pronouncement" which was the subject of appeal in *People ex rel. Schlaeger* v. *Ridge Country Club, ante,* p. 127. The

county collector moved to dismiss the appeal in the *Ridge Country Club case* and this day an opinion has been filed allowing such motion.

In lieu of the three paragraphs of the final pronouncement quoted in the opinion in the *Ridge Country Club case*, the present pronouncement contained the following:

"That the Court takes judicial notice that the tax rate objections, applicable to the above mentioned taxing bodies, are pending before this Court with respect to many thousands of parcels of real estate, and that it would cause undue hardship to the Illinois Supreme Court and to the parties to the cause, and would serve no useful purpose, if separate appeals were taken with respect to each parcel of property covered by this Pronouncement Order:

\* \* \*

"It is further ordered and adjudged that the established practice of this Court shall be followed in the matter of appeals from this pronouncement order by the Relator and the Objectors, which appeals shall be by test case, or test cases, and the decisions of the Illinois Supreme Court with respect thereto and with respect to appeals already taken in the 1942 and 1943 tax rate cases shall govern the final rulings of this Court, and resulting refunds, affecting property involved in test cases as well as property included under similar pending objections;

"And it is further ordered and adjudged that attorneys for the Relator and for any Objectors intending to appeal from any ruling contained in this Pronouncement Order shall, within thirty days, prepare and present for entry a separate judgment as to the parcel or parcels of property intended to be used for the purpose of such appeal."

It will be observed that the three paragraphs in the present case are more specific than the quoted parts of the pronouncement in the *Ridge Country Club case* as to the purpose for withholding the final judgment order and

the action to be taken after an opinion has been filed in the test case by this court. The present order also expressly reserves the right of any party to the action to present a final separate judgment order for entry as to any parcel of real estate. The substance of the instant pronouncement is preferable but the construction given sections 235 and 237 of the Revenue Act (Ill. Rev. Stat. 1945, chap. 120, pars. 716 and 718,) in the former case is controlling in this case.

For the reasons stated in the opinion in *People ex rel. Schlaeger* v. *Ridge Country Club, ante,* p. 127, the motion to dismiss the appeal in this case is allowed and the appeal dismissed.

*Appeal dismissed.*