(No. 30439.

THE PEOPLE *ex rel.* Claude Anderson, County Collector, Appellee, *vs.* CHICAGO & EASTERN ILLINOIS RAILROAD COMPANY, Appellant.

*Opinion filed March 18, 1948.*

J. L. McLaughlin, and White & Ingram, both of Sullivan, for appellant.

Joseph C. Munch, State's Attorney, and Frank L. Wolf, both of Sullivan, for appellee.

Per Curiam: This is an appeal by the Chicago & Eastern Illinois Railroad Company from an order of the county court of Moultrie County striking objections, and entering judgment against the appellant for the taxes of 1945 to the amount of $4702.24.

On October 9, 1946, appellant filed objections to certain taxes levied against it for the year 1945, specifying in detail the nature of the objections, and the particular taxes objected to. Such objections were subsequently set for hearing on July 11, 1947. Upon the date of the hearing a stipulation of facts was presented to counsel for the objector to the effect the People had introduced in evidence the delinquent tax list, and the judgment, sale, forfeiture, and redemption record of Moultrie County, a collector's sworn report of the list of delinquent lands, proof of publication thereof and of notice of the application for judgment and order of sale, and that the People had made a *prima facie* case thereby. This stipulation was signed by counsel for both parties, and presented to the court. Thereupon counsel for the People presented a written motion to strike the objections, and to prohibit the introduction of any evidence in support thereof on the ground that the

collector's receipt, showing payment of seventy-five per cent of the taxes, together with its protest, did not accompany the objections, as required by law, and it had therefore not complied with section 235 of the Revenue Act. Ill. Rev. Stat. 1943, chap. 120, par. 716.

The objector immediately made an oral motion to file its written amendment to its objections to incorporate therein the receipt of the collector, showing that the objector had paid its taxes under protest. A docket entry was made by the judge, which shows that this request was denied. Thereupon counsel for objector requested the court to reserve its ruling upon the motion to strike objections until he had time to prepare and file a written motion to amend the objections, and the court thereupon continued the cause until July 14, 1947.

On July 12, 1947, the objector filed a written motion, together with proof of service, for leave to file an amendment to its objections, and attached to the proposed amendment the tax receipt showing the payment of taxes under protest, and that the county collector had received payment of the taxes objected to. When the cause came on for hearing on July 14, 1947, the court heard the arguments of counsel on the motion for leave to file the amendment, and at the close of the argument entered its ruling, granting the motion to strike the objections, and denying the objector's motion for leave to file an amendment, and held that appellant was not entitled to be heard because the objections were not accompanied by the protest and the receipt for the payment of taxes.

The pertinent sections of the Revenue Act involved in this case are sections 194 and 235. (Ill. Rev. Stat. 1943, chap. 120, pars. 675 and 716.) In determining the issue in this case it is necessary to consider the history of these sections. Section 194, among other things, recites the following: "If any person shall desire to object pursuant to the provisions of section 235 of this Act, to all or any

part of a real-property tax for any year, for any reason other than that the real estate is not subject to taxation, he shall first pay at least 75 per cent of the tax. Such payment shall be accompanied by a writing, substantially in the following form: * * *. The person protesting shall present to the collector two copies of the written protest signed by himself. The collector shall write or stamp the date of receiving the same upon the copies, and sign the same, one of which copies he shall retain and the other he shall deliver to the person making the payment under protest."

Section 235 provides: "The court shall examine said list, and if defense (specifying, in writing, the particular cause of objection) be offered by any person interested in any of said lands or lots, to the entry of judgment against the same, the court shall hear and determine the matter in a summary manner, without pleadings, and shall pronounce judgment as the right of the case may be: Provided, that no person shall be permitted to offer any such defense unless such writing specifying the particular cause of objection shall be accompanied by an official original or duplicate tax collector's receipt, showing that at least 75 per cent of all taxes to which objection is made have been paid under protest pursuant to the provisions of section 194 of this Act; * * *."

Before the amendment of the Revenue Act in 1933 there was no provision for the payment of taxes under protest, and if taxes were paid under protest such payments could not be refunded to the taxpayer, even though the objections were sustained. At that time any taxpayer could file objections without restriction upon the right to do so. As a result, during the depression and immediately prior to that time, concerted failure to pay taxes by organized groups of taxpayers and the filing of blanket objections clogged the dockets of the courts and severely impaired the functioning of all tax districts. We have pre-

viously held that sections 194 and 235 of this act must be considered together. (*People ex rel. Darr* v. *Alton Railroad Co.* 380 Ill. 380.) In the instant case the objector had paid 75 per cent of all taxes under protest, and obtained the collector's receipts. The order of the court so finds.

The sole question to be decided by this court is: Shall a taxpayer, who has actually complied with section 194 of the statute, by the payment of his taxes under protest and securing proper receipts therefor, be entirely precluded from amending his objections to show such facts because a copy of his receipt did not accompany his original objections filed under section 235, and thus be denied the right to make any defense whatever?

Counsel for the People rely heavily upon the case of *People* v. *Alton Railroad Co.* 380 Ill. 380, to sustain the action of the trial court. In that case the company filed objections to certain taxes levied against its property. It showed payment of all of its taxes for the year 1940, and that the items objected to had been paid under protest. The receipts signed by the collector showing the payment of both installments under protest, and a copy of the notice of protest, which the objector had delivered to the county collector at the time of payment, both accompanied the objections. The People moved to strike the objections of the railroad company on the ground that the notice of protest was not sufficient compliance with the statute, because not sufficiently itemized. The county court allowed the motion and struck the objections, the order reciting that by reason of appellant's failure to file a proper notice of protest it could not file objections to the tax, and judgment was entered against appellant. We discussed the requirement of section 194 as to the sufficiency of the protest and the collector's receipt accompanying the objections, and held that the notice of protest was sufficient, although it was informal in some respects. There was

no question decided as to the right to amend an objection under section 235, and, in fact, no question arising under section 235 was discussed, except that it should be considered in connection with section 194.

The requirements for payment and protest are contained in section 194, so that the collector may perform certain duties and omit the property on which taxes are paid under protest from the delinquent list, before making application for judgment; and such payment and protest, to enable the collector to do this, we held in such case was mandatory. The scope of the decision in that case is clearly indicated, because it is therein said that the statute requires this to be done "before making objections," and it therefore does not decide the point involved here, that the attaching of the copies of the protest and receipts for the payment of taxes to the objections is mandatorily required by section 235.

Section 194 specifies the conditions under which a taxpayer is allowed to file objections to taxes, and obtain a refund, if successful. He could not do this before the enactment of this law. Section 235 provides for the procedure to be followed in objecting to, and trying the merits of the tax objections, which is to be informal and without technical pleading; but it contains the proviso that no one can defend against the payment of taxes unless he has complied with section 194, and shows that he has complied with it by attaching the requisite papers to his objections. Section 194 specifies the conditions that must be complied with before a tax can be refunded because of illegality, and section 235 provides the form of pleading of the objections raising the question.

The amendments of the Revenue Act were first considered in *People ex rel. Sweitzer* v. *Orrington Co.* 360 Ill. 289, and we there held that the change in the law was made to require the taxpayer to "pay at least seventy-five per cent of the taxes objected to as a condition precedent

to his right to file objections and to be heard in court." When such payment and protest are made the property is not sold, as formerly, but the right to make objections was limited to those who complied with section 194. Section 235 provides the procedure after the payment under protest. Section 194 provides he must first appear and object, and upon failure to do so his protest is waived. But, under section 235, the objection filed must be accompanied by the protest and receipt, and the court proceeds to trial in a summary manner.

Section 235 further provides: "In all judicial proceedings of any kind, for the collection of taxes and special assessments, all amendments may be made which, by law, could be made in any personal action pending in such court, * * *." A clear reason appears for making the payment and protest mandatory and a condition precedent to the right to raise the question at all, but no good reason appears for denying the right to amend an objection in a judicial proceeding where the conditions precedent, of payment and protest, have been complied with but omitted from the pleading by inadvertence.

The right to amendment in tax proceedings was considered in *People ex rel. Nelson* v. *Ridge Country Club, ante,* p. 46, and held to be governed by the same rule as in ordinary pleading. Under section 194 the protest and receipt bears the same relation to the objections that an exhibit bears to a complaint. The statute provides that it is necessary to make payment and protest so the collector may know what property to keep off of the delinquent list, and the requirement that they must accompany the objections under section 235 applies only as a preliminary to make a defense. A defense has been defined to mean that which is sufficient to defeat the complaint by denying, justifying, or confessing and avoiding the action. Stephen's Pleading 85; 3 Blackstone, 296; 9 Am. & Eng. Ency. of Law, 176.

The amendment in this case was offered before the defense commenced, and as a pleading upon the part of the taxpayer. Refusal to allow the amendment would render inoperative the provisions that tax proceedings in courts are entitled to the same right of amendment as allowed in proceedings at law. There is here no question for the exercise of judicial discretion, as the finding of the court was to the effect that, the receipts not having accompanied the objections, the appellant was not entitled to make any defense whatever. No other reasons being assigned for the denial of the right to amend, the action of the court raises a question of law and is not a matter of judicial discretion.

We have examined all of the other cases cited by counsel in this case, but none of them touch the particular point in controversy, and hence do not require comment here.

For the reasons indicated, the judgment of the county court of Moultrie County is reversed, and the cause is remanded with directions that appellant be permitted to file its amendment to the objections, and that the court otherwise proceed as is required by law.

*Reversed and remanded, with directions.*