(Nos. 33806-9 Cons.—

The People *ex rel.* C. Ward Harris, County Collector, Appellee, *vs.* Chicago and North Western Railway Company *et al.,* Appellants.

*Opinion filed March 22, 1956.*

NELSON TROTTMAN, of Chicago, and HUGH DOBBS, and MILES GRAY, both of Springfield, (LOWELL HASTINGS, and GERALD M. CHAPMAN, of counsel,) for appellants.

EDWARD R. PHELPS, State's Attorney, of Carlinville, and PAUL C. VERTICCHIO, Assistant State's Attorney, of Gillespie, (J. E. WENZEL, of counsel,) for appellee.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

These four tax objection cases from the county court of Macoupin County present the same legal question and have been consolidated for argument and decision. Two of the cases (Nos. 33806-7) involve the 1952 taxes of Community Consolidated School District No. 10, and the other two (Nos. 33808-9) the 1953 taxes of this school district. The objectors are the Chicago and North Western Railway Company and the Superior Coal Company, who urge on this appeal that the court erred in refusing to permit them, before hearing, to add another ground in support of their pending objections.

To understand the problem here it is necessary to review briefly the litigation between these parties relative to the 1951 taxes of this district, which culminated in a decision by this court. *People ex rel. Harris* v. *Chicago and North Western Railway Co.* 4 Ill.2d 216.

On August 11, 1951, the district held an election at which the voters approved a rate of $1.775 per $100 of assessed valuation. In protesting the 1951 taxes, the ob-

jectors claimed this election was void, for the reason that the district had failed to establish itself as a 12-grade district and was limited to the $1.125 rate that could lawfully be voted for an elementary school district. (Ill. Rev. Stat. 1951, chap. 122, par. 17—3.) The county court overruled the objections, and we affirmed. On that appeal, however, the objectors also argued that the August election was invalid because the rate could not be increased from $.90 to $1.775 at a single election. (Ill. Rev. Stat. 1951, chap. 122, par. 17—4.) But since that ground was not specified below, we held that they could not urge it on appeal. Ill. Rev. Stat. 1951, chap. 120, par. 716.

After our opinion on the 1951 taxes was published, the objectors asked permission to amend similar objections to the 1952 and 1953 taxes which were then pending in the county court, so as to put in issue this alleged violation of section 17—4 in raising the rate from $.90 to $1.775 at a single election. The requests were made before hearing, but the county court refused to permit the amendments, overruled the objections and entered judgments for the collector.

The sole question is whether the county court erred in refusing the objectors leave to file the proferred amendments.

Section 235 of the Illinois Revenue Act (Ill. Rev. Stat. 1951, chap. 120, par. 716,) provides *inter alia:* "In all judicial proceedings of any kind for the collection of taxes and special assessments, all amendments may be made which by law could be made in any personal action pending in such court." In construing an earlier statute containing identical language, this court said: "This language is broad and comprehensive, and under it amendments to objections to judgment and order of sale for delinquent taxes may and should be permitted in so far as may be necessary to permit objectors to fairly present any existing valid objections to the application for judgment and sale

against their lands for delinquent taxes, if made in apt time." (*Chicago, Madison and Northern Railroad Co.* v. *People ex rel. Elsesser,* 207 Ill. 312, 314.) The right to amend in a tax objection proceeding is governed by the same rules applicable to ordinary pleadings. *People ex rel. Anderson* v. *Chicago and Eastern Illinois Railroad Co.* 399 Ill. 520; *People ex rel. Nelson* v. *Ridge Country Club,* 399 Ill. 46. See Ill. Rev. Stat. 1951, chap. 110, par. 170; Ill. Rev. Stat. 1951, chap. 7, par. 1.

No reason appears, especially in the light of the liberal amendment provisions which prevail in this State, why the objectors should not have been granted permission to amend the objections. Specifically, the amendments were tendered before hearing, they did not change the objections themselves but merely added a new ground or reason in support thereof, they came as no surprise to the appellee in view of the objectors' unsuccessful attempt to raise the question on the appeal covering the 1951 taxes, and the objectors were not guilty of undue delay since they tendered the amendments soon after our decision on the 1951 taxes was published. Under these circumstances, it was clearly an abuse of discretion for the county court to deny the objectors their day in court to litigate the defense stated in the proferred amendments.

The collector, however, argues that a trial court does not abuse its discretion in refusing leave to amend where the amendment adds a "new, distinct and unrelated objection," citing *People ex rel. Brittain* v. *Outwater,* 360 Ill. 621. This decision is not in point. For one thing, in the instant cases the objectors did not seek to press a new objection. Rather, they asked to state a new ground for the original objection. Thus, they asserted originally that the election of August 11, 1951, was invalid for the reason that the district was not properly established as a 12-grade district and hence was limited to the rate for elementary school districts. (Section 17—3 of the School Code.) But

while their 1952 and 1953 objections were pending, this court decided in the case involving the 1951 taxes that they were wrong in this contention. Moreover, we held that since the objection did not specify a violation of section 17—4 of the School Code, that matter could not be considered on appeal. Accordingly, in order to test the merits of this second ground for objecting to the August 11, 1951, election, and for that matter to then have any reason for complaining of the election, the objectors had to secure leave of court to amend the objection by adding this second ground. In both instances, however, the objection is directed to the validity of the August 11, 1951, election, with only a difference in the grounds or reasons advanced to support the objection.

The collector also advances a waiver or estoppel argument. He apparently takes the position that an objector is precluded from ever asserting any ground for objection not set forth originally. This, however, would completely destroy the statutory right to amend and finds no support in the cases.

For the reasons stated, the judgments are reversed and the causes remanded with directions to allow objectors' motions to amend and to proceed in due course.

*Reversed and remanded, with directions.*