142 Ill. App.3d 238 (1986)
491 N.E.2d 871
In re APPLICATION OF JACK L. ANDERSON, LAKE COUNTY TREASURER AND EX-OFFICIO COUNTY COLLECTOR (Jack L. Anderson, Lake County Treasurer and Ex-Officio County Collector, Applicant-Appellee,
v.
Certain Objectors, Objectors-Appellants).
No. 2-85-0107.
Illinois Appellate Court  Second District.
Opinion filed April 4, 1986.
Jerrold H. Mayster, Ltd., of Chicago, for appellants.
Fred L. Foreman, State's Attorney, of Waukegan (Helen S. Rozenberg, Assistant State's Attorney, of counsel), for appellee.
Appeal dismissed.
JUSTICE UNVERZAGT delivered the opinion of the court:
The objectors appeal from the judgment of the circuit court of Lake County in favor of the plaintiff, Jack L. Anderson, county treasurer *239 and ex-officio county collector, which denied their petition to extend time to file a first amended tax objection and to grant them leave to file an amended objection entered instanter pursuant to section 194 of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 675). They raise essentially two assignments of error in this court: (1) that the order striking and dismissing their tax rate objection was not a final order which terminated the objection; (2) that the trial court abused its discretion in refusing to permit the objectors to file an amended objection. Our disposition of the first issue makes it unnecessary for us to address the other issue. For the reasons set forth below, the instant appeal is dismissed.
The objectors contend that the order striking and dismissing their tax rate objection was not a final order which terminated the objection. The objectors bring to this court's attention the fact that the order did not contain the statutorily mandated language of a final order.
 1, 2 A property taxpayer seeking relief from excessive or illegal tax assessments may pay the assessed taxes under protest and then file an objection in answer to the county collector's application for judgment and order of sale. (Ill. Rev. Stat. 1983, ch. 120, par. 675.) When an objection is filed, the court will hear and resolve the matter and enter an order as prescribed by the objection procedures outlined in sections 194 and 235 of the Revenue Act of 1939 (Act). (Ill. Rev. Stat. 1983, ch. 120, pars. 675 and 716.) To be an appealable order, the judgment must be in substantial compliance with the third paragraph of section 235 of the Act (Ill. Rev. Stat. 1983, ch. 120, par. 716), which requires, among other things, that the entry of the judgment describe the property against which the judgment is entered and fix the amount of tax due. (People ex rel. Schlaeger v. Ridge Country Club (1947), 397 Ill. 127, 130-31; see also People ex rel. Nelson v. Slingerland (1947), 397 Ill. 277, 279; In re Application of Cook County Treasurer (1984), 124 Ill. App.3d 797, 801; In re Application of Rosewell (1979), 78 Ill. App.3d 769, 773-74.) Section 235 has been interpreted to prescribe the required form for all judgment orders entered upon the application of the county collector for judgment and order of sale. (In re Application of Cook County Treasurer (1984), 124 Ill. App.3d 797, 801; In re Application of Rosewell (1979), 78 Ill. App.3d 769, 774.) A final order indicates the termination of the litigation, and nothing should remain to be done except to execute the order by selling the property, or a portion of it as is necessary to recover the amount of tax due. People ex rel. Schlaeger v. Ridge Country Club (1947), 397 Ill. 127, 131.
 3 In the present case, the order appealed from merely denies *240 the objectors' petition for leave to file an amended objection instanter. It does not describe the property, fix the amount of tax due, or enter judgment in favor of the collector. Although the order states that it is final and appealable, the inclusion of that language alone does not make the nonappealable order final and appealable (see, e.g., O'Hara v. State Farm Mutual Automobile Insurance Co. (1985), 137 Ill. App.3d 131, 134). Therefore, the order appealed from is not in compliance with section 235 of the Act and is neither a final order (87 Ill.2d R. 301) nor an interlocutory order appealable as of right (87 Ill.2d R. 307(a)). As this court does not have jurisdiction of the present case, the appeal must be dismissed. See In re Application of Rosewell (1979), 78 Ill. App.3d 769, 775.
In accordance with the views expressed above, the instant appeal is dismissed.
Appeal dismissed.
NASH, P.J., and HOPF, J., concur.