CINCH MANUFACTURING COMPANY, Petitioner, v. EDWARD J. ROSE-WELL, County Treasurer and ex officio County Collector of Cook County, Respondent-Appellee (Commonwealth Edison Company, Petitioner-Appellant).

First District (4th Division) No. 1—91—2953

Opinion filed September 30, 1993.

---

*Justice Jiganti participated in the disposition of this case prior to his retirement.

38

Keck, Mahin & Cate, of Chicago (Thomas J. McNulty and Maria E. Stangel, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Karen A. Covy, Daniel E. Cannon, and Marie E. Smuda, Assistant State's Attorneys, of counsel), for appellee Edward J. Rosewell.

Seyfarth, Shaw, Fairweather & Geraldson, of Chicago (Edward J. Santiago and Patricia J. Whitten, of counsel), for appellee Board of Education.

JUSTICE HOFFMAN delivered the opinion of the court:

The petitioner, Commonwealth Edison Company (Edison), appeals from the denial of its motion to amend its tax objection pleading. The trial court denied the motion to amend for lack of jurisdiction because it was filed more than 30 days after the entry of a pronouncement order which the court found was final. We consider whether this court has jurisdiction over Edison's appeal and, for the following reasons, we dismiss the appeal for lack of jurisdiction.

Edison and Cinch Manufacturing Company (Cinch) filed a petition on February 6, 1980, for the return of personal property taxes paid under protest for the 1978 tax year. The taxes were levied by all the taxing bodies which had jurisdiction over the property, including the County of Cook, the City of Chicago, the Chicago Park District, and the Board of Education of the City of Chicago. Attached to the petition was a list of each item of personal property which was involved in the objection; Edison objected to the levy of taxes on 924 items of personal property.

Each of the named taxing bodies entered into settlement agreements for all of the perfected tax objections on both real and personal property for 1978, including Edison's objections.

Pursuant to the settlement agreement with the city, the trial court entered a "Final Pronouncement Order" on August 3, 1987, and incorporated the agreement into the order. In the order, the court found that the county collector made a *prima facie* case on its application for judgment. The court sustained all timely filed objections to the 1978 taxes levied by the city to the extent of $.020 per $100 of equalized assessed valuation and overruled the objections in all other respects. The court also ordered that "the final judgment orders entered in this cause shall refuse judgment and order refunds of 1978 City of Chicago taxes *** subject to the provisions of the settlement agreement" and that "this court shall retain jurisdiction of this matter to enter refund orders consistent with this pronouncement order and the settlement agreement." The order stated that it was final and included a finding under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), that there was no just reason to delay enforcement or appeal.

The county was the last taxing body to settle the 1978 tax objections. Pursuant to the settlement agreement with the county, the trial court entered a "Final Pronouncement Order" on March 8, 1989, in substantially the same form as the pronouncement order entered as a result of the settlement with the city except that it sustained the objections to the extent of $.015 per $100 of equalized assessed valuation.

Subsequently, Edison discovered that 13 of its personal property items were not included in its tax objection due to a clerical error although the taxes on those items were paid under protest. On July 30, 1990, Edison filed a motion to amend its petition to include the 13 items of personal property which were omitted from the petition.

After a hearing, the court denied Edison's motion to amend on January 4, 1991. In its order, the court stated that the final pronouncement order relating to the 1978 real and personal property

taxes was entered on March 8, 1989, and that Edison's motion to amend was not filed until a year and a half later. As a result, the court found that it did not have jurisdiction to amend or modify the final order. The order included a Rule 304(a) finding.

Within 30 days, Edison filed a motion under section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1203), to reconsider the order entered on January 4, 1991, which denied its motion to amend. Edison presented the motion in the alternative under section 2—1401 (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401) to vacate the final pronouncement order entered on March 8, 1989. The motion was denied and Edison now appeals.

OPINION

In its statement of appellate jurisdiction, Edison asserts that the "[a]ppeal is taken pursuant to Supreme Court Rule 303(a)(1) in that the trial court's order of August 6, 1991, denied the relief requested in a petition under [section] 2—1203 of the Code of Civil Procedure." Rule 303(a)(1) allows appeals within 30 days from final judgments or from an order disposing of a timely filed post-trial motion. (134 Ill. 2d R. 303(a)(1).) The order denying a post-trial motion is not itself appealable, but if timely filed, it tolls the time to appeal from the underlying judgment. (*Sears v. Sears* (1981), 85 Ill. 2d 253, 422 N.E.2d 610; *Ingle v. Hospital Sisters Health System* (1986), 141 Ill. App. 3d 1057, 491 N.E.2d 139.) To analyze whether this court has jurisdiction under Rule 303(a)(1), it is necessary to consider whether the pronouncement orders entered on August 3, 1987, and March 8, 1989, were final.

A final judgment is a determination by the court on the issues presented which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit. (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 435 N.E.2d 480.) A judgment is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. *Flores*, 91 Ill. 2d 108, 435 N.E.2d 480.

Edison asserts that the trial court had jurisdiction to consider its motion to amend because the pronouncement order entered on March 8, 1989, was not final. It relies on section 195 of the Revenue Act of 1939, which allowed a person to file a petition for the return of taxes on personal property paid under protest. (Ill. Rev. Stat. 1981, ch. 120, par. 676 (repealed by Pub. Act 81—1st. Spec. Sess. §11, eff. December 31, 1982 (1979 Ill. Laws 4959)).) The section also provided:

> "[T]he court shall *** hear the petition and shall pronounce judgment as the right of the case may be, and if the court finds

for the petitioner, it shall enter judgment directing the county collector to refund to the taxpayer from taxes withheld from distribution to the taxing bodies entitled thereto the amount of the personal property taxes paid under protest to which the taxpayer is entitled. Appeals shall lie from the final judgment of the court upon such petitions, as in other cases of objection to judgment and order of sale for taxes." (Ill. Rev. Stat. 1981, ch. 120, par. 676.)

Based on the last sentence of section 195, Edison proposes that any final judgment on a personal property tax petition must comply with section 235 of the Act, which sets the prerequisites for final judgments on objections to real property taxes. (See Ill. Rev. Stat. 1981, ch. 120, par. 716.) Edison argues that the pronouncement order did not comply with section 235 because that section requires a final judgment to separately identify each property that was objected to and contain the exact amount of taxes due. (See Ill. Rev. Stat. 1981, ch. 120, par. 716; *People ex rel. Schlaeger v. Ridge Country Club* (1947), 397 Ill. 127, 73 N.E.2d 432 (considered requirements of a final order under section 235 relating to taxes levied against real estate).) The county responds that section 235 does not apply to judgments in objections to personal property taxes.

It is not necessary to consider the parties' arguments relating to whether the requirements of a final order in section 235 apply to this case because there is sufficient language in section 195 to indicate when a final order is entered in a case involving an objection to personal property taxes. Section 195 provided that the court shall pronounce the judgment and, if it finds for the petitioner, it shall enter judgment directing the collector to refund the taxes paid in protest in an amount to which the taxpayer is entitled. The section then states that appeals shall lie from the final judgment of the court on the petitions as in other cases of objection to judgment and order of sale for taxes.

In this case, the court pronounced its judgment, finding for Edison because the court sustained Edison's objections, but did not enter an order directing the collector to refund the taxes in a certain amount. Although the county contends that issuing a refund order would be merely executing the judgment, the pronouncement order did not specifically determine the amount of the refund. Section 195 requires an order directing the collector to refund the taxes in a certain amount. Without such an order, there is no final judgment to appeal from. Further, the pronouncement orders themselves state that "the final judgment orders entered in this cause shall refuse judgment

and order refunds" and that the court would "retain jurisdiction to enter refund orders." Based on that language, it appears that the trial court contemplated that the refund order, not the pronouncement orders, would be the final order in the case. The pronouncement orders, although they were termed "final," did not finally and absolutely fix the rights of the parties.

■■ Because the pronouncement orders were not final, the trial court had jurisdiction to consider Edison's motion to amend its tax pleading to include the 13 items of personal property which were omitted from the petition. The right to amend in a tax objection proceeding is governed by the same rules as ordinary pleadings. (*People ex rel. Harris v. Chicago & North Western Ry. Co.* (1956), 8 Ill. 2d 246, 133 N.E.2d 22.) Section 2—616(a) of the Code of Civil Procedure provides that pleadings may be amended before judgment on just and reasonable terms. (Ill. Rev. Stat. 1991, ch. 110, par. 2—616(a).) However, the denial of a motion to file an amended tax objection is not final and an appeal from such an order must be dismissed. (*In re Application of Anderson* (1986), 142 Ill. App. 3d 238, 491 N.E.2d 871; see also *Enblom v. Milwaukee Golf Development* (1992), 227 Ill. App. 3d 623, 592 N.E.2d 190 (the appellate court does not have jurisdiction to consider an appeal from an order denying a motion to amend a complaint).) As a result, the denial of Edison's motion to amend was not a final order and could not be appealed.

Edison contends that this court has jurisdiction because it appealed from the August 6, 1991, order which denied its motion to reconsider under section 2—1203. That motion to reconsider, however, was improper. Section 2—1203 allows post-trial motions within 30 days after judgments entered in nonjury cases. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1203.) The order denying the post-trial motion is not appealable, but merely tolls the time to file an appeal from a final judgment. (*Sears*, 85 Ill. 2d 253, 422 N.E.2d 610.) The motion to reconsider in this case was filed within 30 days of the trial court's order denying Edison's motion to amend its pleading but there was no judgment entered in this case. Therefore, the August 6, 1991, order, which denied Edison's motion to reconsider, did not dispose of a timely filed post-trial motion attacking a final judgment as envisioned under the section.

■■ Edison does not assert that this court has jurisdiction under either Supreme Court Rule 304(a) or 304(b)(3) (134 Ill. 2d Rules 304(a), (b)(3)), and as a result, these arguments are waived (134 Ill. 2d R. 341(e)(7)). However, it should also be noted that this court does not have jurisdiction under either rule. Although the pronouncement or-

ders and the order denying Edison's motion to amend contained Rule 304(a) findings, such a finding does not make a nonfinal order appealable. (*Arachnid, Inc. v. Beall* (1991), 210 Ill. App. 3d 1096, 569 N.E.2d 1273; *Anderson,* 142 Ill. App. 3d 238, 491 N.E.2d 871.) Because neither the pronouncement orders nor the order denying leave to amend was final, there is no jurisdiction under Rule 304(a). Also, this court does not have jurisdiction under Rule 304(b)(3), which allows appeals from orders entered on petitions for section 2—1401 relief. Section 2—1401 only allows relief from final judgments. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401.) Because the pronouncement order entered on March 8, 1989, was not final, Edison could not attempt to vacate it under section 2—1401 and, as a result, there is no jurisdiction under Rule 304(b)(3).

Appeal dismissed.

CAHILL, P.J., and JOHNSON, J., concur.