Dear Mr. Kirkpatrick:
This letter is in response to your request for an opinion as follows:
 Is it mandatory that a petition for an independent candidate for the Office of State Representative be filed with the Office of the Secretary of State. If so, must the petition language on each petition page state clearly that the petition is being filed with the Office of Secretary of State?
 If the answer is yes to the above, would an improper procedure invalidate the petition?
In addition, you provided the following factual information:
 On Tuesday October 11, 1983, at 1:47 PM Mr. Algin Robinson presented a petition to this office proporting to be his nominating petition as a candidate for the Office of State Representative of the 59th Legislative District, to be voted on at a special election Tuesday November 8, 1983. The petition contained 26 pages identical in form as to the printed matter on which the petition was directed to "The Honorable Board of Election Commissioners for the City of St. Louis".
Section 115.321.1, RSMo 1978, provides in pertinent part:
 Any person desiring to be an independent candidate for any office to be filled by voters throughout the state, or for any congressional district, state senate district, state representative district . . . , shall file a petition with the secretary of state. [Emphasis added]
Section 115.325.3, RSMo 1978, provides in pertinent part:
 Each sheet of each petition for nomination of an independent candidate for public office shall be in substantially the following form:
* * *
 PETITION FOR THE NOMINATION OF AN INDEPENDENT CANDIDATE
 To the Honorable ___________ (title of official with whom petition is to be filed) for _______________ (the state of Missouri or appropriate county): [Emphasis added.]
Pursuant to Section 115.321.1, the Secretary of State is the proper official with whom an independent state representative candidate must file a Petition for Nomination as an Independent Candidate.
We assume from your statement of facts that the Petition for the Nomination of an Independent Candidate was filed with your office, consistent with the requirements of Section 115.321.1. We further assume that the only deviation from the form provided in Section 115.325.3 is the designation of "The Honorable Board of Election Commissioners for the City of St. Louis" as the officials with whom the petition would be filed. Our opinion, then, must necessarily turn on whether the petition as filed deviates "substantially" from the form adopted by the legislature in Section115.325.3.
Our Supreme Court has construed the word "substantially", in reference to a taxation statute as being "synonymous with `practically' `nearly', `almost', `essentially' and `virtually'." St. Louis-South Western Railway Co. v. Cooper, 496 S.W.2d 836, 842
(Mo. 1973). The phrase "substantially the following form" has been held not to require the exact form prescribed, but to require only that in the main, all the essential requirements of the form be met. People ex rel. Darr v. Alton R. Co., 43 N.E.2d 964, 966
(Ill. 1942).
Furthermore, in several cases involving the form of election ballots, the Supreme Court of Missouri has stated that where statutes provide that ballots be in a certain form without prescribing what results would follow if they were not used as required, the statutes are directory rather than mandatory. The test is "whether or not the voters were afforded an opportunity to express and that they did fairly express their will." State ex rel. City of Memphis v. Hackman, 202 S.W. 7, 14 (Mo. banc 1918); Ginger v. Halferty, 193 S.W.2d 503, 505 (Mo. 1946); City of Raytown v. Kemp, 349 S.W.2d 363, 369 (Mo. banc 1961).
We are convinced that it is the information required in the second full paragraph of the Section 115.325.3 form which is essential to a Petition for the Nomination of an Independent Candidate. Without this information the petition cannot be effective. The first full paragraph of the suggested form is merely a salutation; it is, in our opinion, precatory and directory since such a petition must be filed in the office of the proper official to be effective. Section 115.321.1.
Thus, it is our opinion that Section 115.321.1 requires an independent candidate for the office of state representative to file a Petition for the Nomination of an Independent Candidate with the Secretary of State of Missouri. It is further our opinion that the petition should substantially comply with the provisions of Section 115.325.3. Finally, we believe that the petition's failure to designate the official with whom the petition will be filed correctly will not invalidate such petition.
Very truly yours,
 JOHN ASHCROFT Attorney General